## THE C., B. & Q. R. Co. v. HOLDSWORTH.

1. **Evidence:** LAND GRANT.   In an action to set aside a tax sale of land embraced in a railway grant, the certificate of the. Secretary of the Interior is admissible to show that other lands in the same section had been earned and were approved to the company before the taxes upon which the sale was made had accrued.

### Appeal from Lucas District Court.

### THURSDAY, OCTOBER 18.

ACTION to recover possession of forty acres of land in the county of Lucas, to-wit: the northeast of northwest of section 19, 73, 21.   The defendant claims title by virtue of a tax deed. The plaintiff claims that the land was not taxable at the time of the tax sale.   The land is a part of the land granted by act of Congress, approved May 15, 1856, to aid in the construction of railroads, and is a part of the land to which the Burlington & Missouri River Railroad Company became entitled through said grant.   Afterwards the interest of said company in said land was conveyed to the plaintiff.

The tax sale under which the defendant claims took place November 2, 1868, for the taxes of 1865 and 1867.   The legal title at that time had not passed to the plaintiff, nor to the said Burlington & Missouri River Railroad Company, the plaintiff's grantor.   It was not approved by the Secretary of the Interior to said company until May 10, 1869.   To prove, however, that an equitable title had passed, and that the land was properly taxable at the time of the assessment and levy of the tax for which it was sold at the tax sale, the defendant offered in evidence certain certificates of the Secretary of the Interior showing that other parts of the same section were approved to said company as early as August, 1859.   To this evidence the plaintiff objected as irrelevant and immaterial.   The court overruled the objection and the evidence was admitted.   Judgment for defendant.   Plaintiff appeals.

*Stuart & Bartholomew*, for appellant.

*Dungan & Crane*, for appellee.

ADAMS, J.—If, at the time of the assessment and levy of the tax in question, the lands had been earned by the Burlington & Missouri River Railroad Company they were taxable, whether the title had passed or not. *Iowa Homestead Co. v. Webster County*, 21 Iowa, 221. But in this case it is contended by the plaintiff that there is no proper evidence that the land had been earned or that the Burlington & Missouri River Railroad Company had in any way become entitled to the same. Upon this point the defendant relies upon the certificates of the Secretary of the Interior showing that other lands in the same section were approved to the said company in 1859 and the land in question in 1869. It is claimed by defendant that the land in question would have been approved to the company in 1859 but for the fact that it was omitted by mistake.

*1. EVIDENCE: land grant.*

The question in the case arises upon the admissibility of the certificates of the Secretary of the Interior. Do they show that the plaintiff's grantor was entitled to the land at the time of the tax sale? Upon their face they, of course, do not. The land in question is not mentioned in the first one, and the second was issued after the tax sale. If they show it they do so because they were issued in pursuance of an act of Congress, of the provisions of which we take notice. Under the act the plaintiff's grantor was to become entitled upon the construction of each twenty continuous miles of road to a quantity of land not to' exceed one hundred and twenty sections, to be taken from the alternate sections designated by odd numbers within a limit of six miles on each side of the road. But if the amount granted could not, on account of sales or pre-emptions, be obtained within those limits, the company should become entitled to other lands to supply the deficiency within fifteen miles, to be selected by an agent who should be appointed by the Governor of Iowa. The plaintiff claims under said act, and the evidence introduced shows that the land in question was within the six-mile limits. Being in a section designated by an odd number (section 19), it became the property of the plaintiff's grantor when it was earned by the company. And we do not see how the company could become entitled to one

part of said section 19 sooner than to any other part to which it could become entitled under the grant. The question then arises, whether the certificate of the Secretary of the Interior to the effect, substantially, that the company was entitled to a part of said section 19, describing the part, is legal evidence that the company was entitled to the land in question. Under the act of Congress the certificate could not have issued without at least a claim on the part of the company that it had so far completed the road as to entitle it to the whole of said section 19. The issuance of the certificate is evidence that such claim was made. Such claim may now be treated as an admission.

AFFIRMED.