## MOORE v. REEVES.

1. **Garnishment**: JURISDICTION. Where a garnishee appeared and answered, admitting his indebtedness to the defendant, and the docket of the justice before whom the action was pending did not show that the cause was then finally submitted, his jurisdiction to render judgment against the garnishee was not lost by the fact that more than three days elapsed after the filing of the answer before the judgment was rendered.

*Appeal from Clarke Circuit Court.*

FRIDAY, OCTOBER 19.

PLAINTIFF commenced an action by attachment before a justice of the peace against one Harper. Appellant was garnished,

and on the 13th day of December, 1875, appeared and answered that he was indebted to Harper in the sum of $32.75.

On the same day the suit of plaintiff against Harper was tried, and judgment was rendered for the plaintiff.

On the 13th day of January, 1876, the justice before whom said cause was tried rendered judgment in favor of plaintiff and against appellant, for the amount stated to be due in appellant's answer as garnishee.

Appellant took said cause by writ of error to the Circuit Court, alleging that the justice "erred in rendering judgment against appellant as garnishee one month after rendering judgment against said Harper and after appellant had answered." The Circuit Court refused the writ of error, and rendered judgment against the appellant. Reeves, the garnishee, appeals.

*Likes & Smith*, for appellant.

*Chaney & Temple*, for appellee.

ROTHROCK, J. — The docket entry of the justice upon which error is assigned is in these words: "*W. S. Moore v. J. H.*

1. GARNISH-MENT: jurisdiction. *Reeves, garnishee*, at suit of *W. S. Moore v. J. M. Harper.* On the 14th day of December, 1875, appeared J. H. Reeves, garnishee, and filed his sworn answer, by which it appears that he is indebted to J. M. Harper in the sum of thirty-two dollars and seventy-five cents for two fat hogs; therefore, it is ordered and adjudged that the plaintiff have and recover of J. H. Reeves, garnishee, the sum of thirty-two dollars and seventy-five cents, with legal interest, and when this judgment is paid it shall be applied on a certain judgment rendered against J. M. Harper in favor of W. S. Moore, December 13, 1875, in the sum of thirty-two dollars and seventy-five cents, with interest and costs. Dated, January 13, 1876."

No complaint is made that the justice did not have jurisdiction of the appellant and of the subject-matter of the suit. The error complained of is that, having jurisdiction, it was lost by the failure to render the judgment within three days after the cause was finally submitted to the justice for final hearing.

Code, § 3552.   But the record of the justice does not show affirmatively that there was a final submission of the cause upon the garnishment proceedings on the 14th day of December, 1875.   All that is shown is that on that day the garnishee answered.   Jurisdiction having once been acquired, the presumption is that it continued to judgment, in the absence of an affirmative showing to the contrary.   For aught that appears in this record, the cause against the garnishee may have been continued until the day judgment was rendered.

AFFIRMED.