DICKERSON v. YETZER.

53  681
102 132

1. **Taxation:** LANDS GRANTED TO RAILROAD: WHEN THEY BECOME TAX-
ABLE. Lands which have been earned by a railroad company under a
congressional grant, but to which there are conflicting claims, and the
title to which is still in the United States, are not taxable.

2. ——: ——: NEGLECT TO PROCURE TITLE. The fact that a month
elapsed between the cancellation of an entry upon such lands and the
filing of another entry, during which time there was no claim adverse
to that of the railroad company, it was held, would not render the
land taxable from that time, it not appearing that the company neg-
lected to procure the title during such time for the purpose of escaping
taxation.

*Appeal from Cass District Court.*

FRIDAY, JUNE 11.

ACTION to recover forty acres of land in Cass county. The
plaintiff claims to be the owner of the land by virtue of a
tax deed, executed in pursuance of a sale made in 1875, for
the taxes of 1874. The defendant denies that the land was
taxable in 1874. There was a judgment for the defendant.
The plaintiff appeals.

*Geo. S. Wedgewood* and *Phelps & De Lano*, for appellant.

*Temple & Phelps* and *Wright, Gatch & Wright*, for ap-
pellee.

ADAMS, CH. J.—The defendant's claim that the land was
not taxable in 1874 is based upon the fact that the legal title
to the land then, and for some years thereafter,
was in the United States. The plaintiff con-
tends that, notwithstanding the legal title was in
the United States, the C., R. I. & P. R. R. Co.
(through whom the defendant claims) had not only become
the equitable owner of the land, but had become entitled to
have conveyed to it the legal title.

*(margin note: 1. TAXATION: lands granted to railroad: when they become taxable.)*

It is conceded that the railroad company became entitled to the land under an act of Congress approved June 2, 1864, entitled: "An act to amend an act entitled an act making a grant of land to the State of Iowa, to aid in the construction of railroads in said State," approved May 15, 1856. The land, however, was not taxable as early as 1874, unless it had at that time been earned by the company. It is not very clearly shown by the plaintiff that it had, but the defendant does not insist that there is any defect of evidence upon this point, and for the purposes of the opinion we shall assume that it had been earned.

This being conceded, the plaintiff claims that the case comes within the rule held in *Iowa Homestead Co. v. Webster Co.*, 21 Iowa, 221, and the *C., B. & Q. R. Co. v. Holdsworth*, 47 Iowa, 20. In those cases it was held, in substance, that land embraced within a railroad land grant becomes taxable upon being earned by the company, notwithstanding the legal title may not have passed from the United States. In our opinion, however, these cases are applicable only where the legal title is due to the company, and the United States retains it simply because the company has neglected to take the proper steps to obtain it.

In the case at bar it appears that in 1874, the year the land was taxed, a homestead entry had been made for the land by one Banker. This claim was of such a character that in 1877 he was permitted to make final proof, and obtain a final certificate, at the local land office. It was not, however, a valid claim, and was finally rejected, and the title conveyed to the railroad company.

In this connection it is necessary to state one or two other facts. Prior to the homestead entry made by Banker, a 2. ——: ——: homestead entry had been made by one Delahoyd. neglect to procure title. This was afterward abandoned, and nearly a month intervened before the entry by Banker. During that time, extending from March 7 to April 5, 1872, there does not appear to have been any obstacle to the acquisition of

title by the company. If, during that time, the company had obtained title, the land would, of course, have been taxable in 1874. But the fact that during that short time the company neglected to obtain title we do not deem of controlling importance. There is not, so far as we can see, any reason to think that the company neglected it for the purpose of escaping taxation.

After the homestead entry was made by Banker, there was an obstacle to the company's obtaining title. The United States commenced holding the title in trust for whichever party should prove to be the rightful claimant. While the title was so held by the United States, it appears to us that it would be improper to hold that the land was subject to taxation, and subject to be sold at tax sale, and the title subject to be divested by tax deed. The United States had still a duty to perform in regard to it.

No question of this kind was raised in the cases cited and relied upon by appellant. In our opinion, the District Court did not err, and the judgment must be

AFFIRMED.