Doe v. The Iowa Railroad Land Co. et al.

1. **Taxation:** RAILROAD GRANT: LANDS EARNED BUT NOT CERTIFIED. Facts considered which were held to show that lands which were not certified to a railroad company by the United States until several years after they were earned under the grant were withheld because of conflicting claims thereto, which rendered their taxation to the company during the interval illegal.

*Appeal from Tama District Court.*

FRIDAY, OCTOBER 22.

ACTION to recover forty acres of land. The plaintiff claims under a tax deed. The sale took place in 1871 for the unpaid taxes of 1870. The defendants claim the land was not taxable. Trial to the court, judgment for the plaintiff, and defendants appeal.

*E. S. Bailey*, for appellants.

*Edward M. Doe*, for appellee.

SEEVERS, J.—The land in controversy was certified by the general government in 1875 to the C., R. & M. R. Co. under the acts of Congress known as the Railroad Grants, and is situated within the six mile limit. It is now owned by the plaintiff under his tax title, or by the defendant Wocha under a conveyance from the railroad company.

The land was earned by the construction of the road in 1867, and, it will be conceded, was taxable for the year 1870, and previous thereto, under the ruling in *Iowa Homestead Co. v. Webster County*, 21 Iowa, 221, and *C., B. & Q. R. Co. v. Holdsworth*, 47 Iowa, 30, unless the title was withheld by the general government, without the fault of the railroad company, for the purpose of adjusting, or because there were conflicting rights thereto, as was held in *Dickerson v. Yetzer*,

53 Iowa, 681, and *Iowa Railroad Land Co. v. Fitchpatrick*, 52 Iowa, 244.

In 1850 Geo. B. Sargent, surveyer general, made a list of the swamp land selections, which was returned to the proper department of the general government in 1852. The land in controversy was included in said list, but such list was not recognized by the government, and it was superseded by revised lists made by Warner Lewis, surveyor general, in 1854. The land in controversy was not included in such revised lists.

We are unable, under the circumstances, to see why the railroad company was not entitled to the land when earned. The government, however, did not certify it to the company at that time. The evidence fails to show there was any conflicting claim made thereto, except that appearing by the Sargent list.

In 1872 the government, by an act which cannot be misunderstood, recognized there were conflicting claims to the land which should be adjusted before the government conveyed the title to any one.

At that time the register and receiver of the land-office at Des Moines, under instructions from the commissioner of the general land-office, notified the railroad company the land in controversy was claimed as being swamp under the swamp land grant of Sept. 28th, 1850. Said company was also notified to appear, at a time and place named, and contest such claim.

In the absence of any showing to the contrary the presumption should be indulged the title was withheld for the purpose of adjusting the conflicting claims arising under the swamp and railroad grant. Whether the claim made under the swamp land grant was in fact valid is immaterial, because its existence was recognized by the proper officers of the government. Until such claim was adjusted it was an effectual bar as to the railroad company. All it could do was to get

the proper officers to determine to whom the land belonged. There is no evidence tending to show this was accomplished until the certificate was issued in 1875.

The defendants were not liable to pay taxes, nor was the land taxable, until the right of the railroad company was in some manner recognized, or the said company had earned the same by the construction of the road, and there was nothing to prevent the title vesting in said company. In other words, to render the lands taxable the general government must have held the naked legal title in trust for the railroad company, the right of the latter thereto being undisputed, but because of its inexcusable delay or negligence the legal title remained in the government.

There is other evidence that the land was claimed under the swamp land grant. If it was of the character contemplated in such grant it passed to the State, by whom it was granted to the county of Tama. Said county, in 1873, commenced an action against the railroad company to recover the same on the ground it had passed to the county under the swamp land grant.

It is insisted this action, which is yet pending, is collusive, and was brought at the instance of the railroad company. Of this there is no evidence, and no such presumption can be indulged.

REVERSED.