(February 27, 1885.)

## SHOUP v. WILLIS.

### [6 Pac. 124.]

TAXES—TAX LEVY.—Taxes cannot be levied except in the manner and for the purposes designated by law.

STATUTORY CONSTRUCTION.—Statutes authorizing the levy of special taxes should not be so construed as to extend their meaning beyond the clear import of the words used.

RECOVERING BACK ILLEGAL TAX.—Taxes illegally assessed and paid may always be recovered, if the collector understands from the payor that the taxes are regarded as illegal and that suit will be instituted to recover them.

PLEADING—SUFFICIENT COMPLAINT.—The complaint in a suit to recover back an illegal tax paid which avers that the same was paid after notice in writing to the assessor—the defendant—that the tax was illegal and suit would be commenced against him to recover the same, is sufficient.

(Syllabus by the court.)

APPEAL from District Court, Custer County. Affirmed.

Prickett & Lamb and Johnson & Onderdonk, for Appellant.

It does not appear from the complaint that the taxes were paid under protest or that the money was not paid voluntarily. The contents, or at least the substance of the notice of protest, should be stated, so the court may determine whether the same is sufficient in law. (Cooley on Taxation, 567, 568; *Meek v. McClure,* 49 Cal. 628.)

Charles A. Wood, for Respondent.

No bill of exceptions having been settled and filed in this case, the order of the court below sustaining the demurrer to defendant's answer cannot be reviewed by the court. (*Fox v. West,* 1 Idaho, 782.) Taxes illegally assessed may always be recovered back if the collector understands from the payor that the tax is regarded as illegal and that suit will be instituted to compel the refunding. (*Erskine v. Van Arsdale,* 15 Wall. 75; *Gray v. Washburn,* 23 Cal. 111; *Bank v. Cholfant,* 51 Cal. 369.) When a protest is relied upon, nothing very formal is requisite. (Cooley on Taxation, 568; *Meek v. McClure,* 49 Cal. 628; *Glass Co. v.*

*City of Boston,* 4 Met. 181; *Carlton v. Ashburnham,* 102 Mass. 348.)

Per CURIAM.—This action was commenced in December, 1883, to recover certain special taxes, which were alleged to have been levied without authority of law, and to have been paid under protest to the defendant, as tax collector of Custer county. The defendant answered, alleging that the tax was levied by the board of county commissioners of the county of Custer, under the provisions of an act of the legislative assembly of the territory entitled "An act to authorize the county commissioners of Lemhi and Custer counties to issue and negotiate bonds, and for other purposes." The answer further averred that prior to the levy of the tax in question steps had been taken by the commissioners of Custer county to have said bonds engraved and printed in accordance with the provisions of the act, and that certain members of the board had endeavored in good faith to negotiate and sell the same. The answer admitted that the bonds were not negotiated, and hence it follows that at the time of the levy, and up to the time of answering, no portion of the bonds or interest thereon was necessarily to be provided for by taxation. Judgment for plaintiff in trial court, and defendant appealed.

Counsel for appellant contend that the levy was authorized by section 3 of the act mentioned, which is as follows: "For the payment of the interest and principal of said bonds, the boards of county commissioners of the respective counties shall, at the time of the levy of other county taxes, include therein a levy of sufficient tax upon all the taxable property in the county to pay the interest, and such part of the principal, if any, as will, according to the terms thereof, become due during the ensuing year." This section authorized the commissioners to levy sufficient tax to pay the interest accruing on the bonds, and such part of the principal, if any, as would, according to the terms thereof, become due during the then ensuing year. It is a well-settled principle of law that taxes cannot be levied or collected at any other time, or in any manner, nor for any other purpose, than that designed by law. (Desty on Taxation, 464.) Applying this rule, we think the levy to provide for the payment of interest or principal of any such bonds before they were issued

or negotiated was premature, and cannot be upheld. The act provided that the bonds, when issued, should bear six per cent interest, and should not be negotiated or sold at less than their par or face value. With this limitation on the authority of the commissioners, it was impossible to know that the bonds could be negotiated until the sale was accomplished, and it therefore follows that the levy of the special tax was unauthorized and void. (Desty on Taxation, 102.) Statutes authorizing the levy of special taxes should not be so construed as to extend their meaning beyond the clear import of the language employed.

The second question is whether the plaintiff is in a position to recover the tax so levied and paid by him. In *Erskine v. Van Arsdale,* 15 Wall. 77, the court say: "Taxes illegally assessed and paid may always be recovered back if the collector understands from the payor that the taxes are regarded as illegal, and that suit will be instituted to compel the refunding of them." We think the allegation in the complaint that before paying said taxes the defendant was notified in writing that the taxes were claimed to be illegal and void, and that suit would be commenced against him to recover the same, is sufficient, and that the complaint, as a whole, supports the judgment. (Cooley on Taxation, 568.)

Judgment affirmed.

Morgan, C. J., and Broderick and Buck, JJ., concurring.