THE IOWA RAILROAD LAND Co. v. FITCHPATRICK.

1. **Taxation:** PUBLIC LANDS: RAILROAD GRANT. Where no conflicting claim is made to lands inuring to a railroad company under a congressional grant they become taxable from the time they are earned by the company, though not certified by the land department until afterward. Facts considered and held insufficient to sustain the claim of a company to exemption on the ground that the certificate was withheld by reason of a conflicting claim to the lands.

*Appeal from Story District Court.*

MONDAY, OCTOBER 27.

ACTION to set aside a tax title for the alleged reason the lands were not taxable for the years for which the taxes were levied. The lands constituted a part of the railroad grant, approved May 15th, 1856, and are situate within the six mile limit. Under the act of Congress and legislation of the State the title thereto vested in the Cedar Rapids and Mis-

souri River Railroad Co., and the plaintiff is its grantee. It is stated in the petition " that the State of Iowa and the county of Story claimed said lands as swamp and overflowed lands, under the act of Congress approved September 28th, 1850," and that the United States " reserved said lands to, and retained and held the title in, the United States from the operation of said act, approved May 15th, 1856, until April, 1869." The lands were sold in 1870, for the delinquent taxes of 1868 and 1869.

The District Court found for the defendant, and rendered judgment accordingly. The plaintiff appeals.

*I. N. Kidder* and *J. S. Frazier*, for appellant.

*F. D. Thompson, John A. McCall* and *J. A. Fitchpatrick*, for appellee.

SEEVERS, J. The lands in controversy were not certified by

1. TAXATION: public lands: railroad grant.

the commissioner of the general land office until April, 1869. The great body of the lands inuring under the grant near these were certified at an earlier date.

It is beyond question that the lands had been earned, and were liable to taxation, in 1868 and 1869, in accordance with the rule established in *Iowa Homestead Company v. Webster County*, 21 Iowa, 221, and cases subsequent thereto, unless the lands had been reserved, and the title withheld by competent authority, for the purpose of adjusting conflicting rights thereto.

In August, 1857, the lands in controversy and others were selected by the agent of the railroad company, and embraced in what is designated as list No. 1, which contained upward of 20,000 acres. The lands in this list were designated as " clear lands," or those to which there were no conflicting rights, and the register and receiver of the land office at Des Moines so certified to the commissioner of the general land office.

At the same time, there was forwarded to the commissioner lists No. 2 and 3, containing lands to which it was supposed

there were conflicting rights. In November, 1867, the commissioner acknowledged the receipt of these lists, and in reference to No. 1 said it "appears to be clear list selections."

So far there is nothing to indicate that these lands were claimed by the state or county as swamp. In addition to the foregoing, the plaintiff introduced in evidence a letter from the commissioner of the general land office, in which he stated that "the records of this office have been examined, and the tracts in question (those in controversy) do not appear thereon as swamp land selections."

In the year 1857 a clerk in the general land office was "detailed to ascertain from the tract books and records the clear lands inuring to the grant for certification to the state." In performing this duty the clerk had the "personal assistance" of Mr. Steiger, an employe, as we understand, of the Iowa Central Air Line R. R. Co., to whom the lands were first granted by the State, and upon its failure to comply with the conditions of the grant, the same was resumed and the lands granted to the Cedar Rapids company.

The result of their investigation was that what is designated as a preliminary list was prepared, the form for the same having been prescribed by the commissioner of the general land office.

In this list there was a column headed "Interferences of a special character." In said column opposite these lands appeared "Reg. report as swamp." Because of this, it is claimed the certification of the lands in controversy was suspended until the conflict in relation thereto could be determined.

There is not a particle of testimony tending to show that either the state or county claimed these lands as swamp. The register of the land office, ten years after this list was made, certified these as clear lands. The records of the general land office fail to show, as the commissioner in substance certifies, that these lands were ever claimed to be swamp land selections. The list made by Steiger and the clerk cannot, therefore, be regarded as official, or as constituting a part of the records of said office.

So far as we can discover, the designation of these lands as

having been reported by the register as swamp was the work of an intermeddler, or at least the same was so done without official authority.

The lands, as we have seen, were earned and taxable, and nothing was done by the state, county, or general government, to take away the right of taxation. It is true the lands had not been certified when taxed, but the right to tax did not depend on the certificate, and there was no conflicting right or claim requiring adjustment.

AFFIRMED.

### ON REHEARING.

SEEVERS, J.—A rehearing is asked because of an alleged mistake in the foregoing opinion as to the character of the list prepared in 1857, by Mr. Steiger and the clerk, as above stated. It is further insisted that, if the title was withheld for the purpose of adjusting conflicting rights, the lands were not taxable, and that it makes no difference on what ground the title was withheld. Mr. Steiger, as has been said, was an employe of parties claiming adversely to the swamp land grant. It is evident the list referred to was prepared at his instance. There is no evidence tending to show it was filed in any office of the government. It is not certified by any officer thereof; it is identified only by Mr. Steiger in his deposition, and where he obtained it is not stated. For aught that appears it may be the private paper of Steiger or the plaintiff. If this is not so why was it not properly certified by the proper officer. We think under such circumstances we were justified in designating said list as unofficial, and the work of an intermeddler, for the purposes of this case.

We have been unable to discover any evidence emanating from the government, or any officer thereof, that the proper certificate as to the lands in question was withheld because of the existence of this list, or that the government or any of its officers recognized that there was a conflict as to the lands in controversy. As a matter of fact there was no adverse claim made thereto, and it was only in cases where there were conflicting claims that the certificate was withheld for the purpose of

adjustment. It is true Mr. Steiger testifies that the understanding in the land office was that because of the existence of said list the title was withheld. But clearly this is not sufficient or competent evidence of such fact. It does not appear that any application was made for a certificate, and consequently it was never refused. No bad faith is imputed in making the list. The designation, then, that the lands were reported as "swamp" was a mistake made by Steiger, the agent of the defendant, or of the party then claiming under the railroad grant, and because of this mistake no application for a certificate, it is presumed, was made. The whole difficulty was caused by the negligence of parties claiming under the railroad grant, and on this ground it is insisted that these lands were not taxable, and but for such negligence the lands in question, without doubt, would have been certified, and as before said would have been taxable. We are unwilling to hold that because of his own negligence a party can escape taxation.

The petition for a rehearing is overruled.