(November 5, 1914.)

# R. L. CHENEY, Respondent, v. MINIDOKA COUNTY et al., Appellants.

[144 Pac. 343.]

PUBLIC LANDS—RECLAMATION ACT—CONSTITUTIONAL AND STATUTORY LAW—HOMESTEAD ENTRYMAN—INTEREST OF ENTRYMAN—PROOF OF RESIDENCE AND CULTIVATION—TAXATION.

1. Where a homestead entryman of land included within a government reclamation project presents proof to the proper government officer that he has complied with the law in relation to residence and cultivation of said land and secures a certificate from the United States that his proof has been accepted, further residence on the land is not required in order to obtain final certificate and patent, and patent will issue upon proof that at least one-half of the irrigable area in the entry as finally adjusted has been reclaimed and that all the charges and fees and commissions due on account thereof have been paid to the proper receiving officer of the government.

2. Where such entryman, in addition to establishing his residence on, and cultivation of, such land, has paid the United States five annual instalments on his water right amounting to $11 per acre, as provided by the reclamation act and the rulings of the Secretary of the Interior thereunder, and the entryman still owes the United States five annual instalments in payment of what is known as the construction charge for the irrigation canals and other works constructed by the United States for the purpose of furnishing water to the land entered, he has an equitable interest in such land, which is "property" within the meaning of that word as used in the constitution and laws of this state, and the matter then rests wholly with the entryman whether he will make the deferred payments and the additional proof required by said reclamation act.

3. Under the provisions of secs. 2, 3 and 5, art. 7 of the state constitution, and sec. 1, Sess. Laws 1913, p. 173, all "property" within the state is liable to taxation, unless expressly exempted.

4. Under said reclamation act, where a person has so far complied with the provisions of said law as to residence and cultivation of the land for more than five years, he can complete his title at any time by making final proof and paying the deferred payments on his water right and the fees provided by law to be paid. Under said act the government simply retains title as security for the pay-

ment of the money owing on the purchase price of the water right for such land.

5. *Held*, under the facts of this case, that plaintiff's interest in said lands is "property," and subject to taxation.

6. The possessory right referred to in secs. 4554 et seq., Rev. Codes, is a squatter's right on public lands, and there is a clear distinction between such right and the right acquired by a formal homestead or other entry of public land under the laws of the United States.

7. When public land is surveyed by the government and filed upon by a qualified entryman it ceases to be public land, and if such entryman complies with the law and thereafter makes proper final proof and payments, he is entitled to a patent.

8. When such entryman makes his proof of residence and cultivation and there only remains the lien of the government for deferred payments on the water right for such land, the entryman's interest in such land is taxable.

9. The interest of the entryman in such land can be sold at delinquent tax sale and the lien of such sale foreclosed and the title thereto obtained, under the provisions of the present revenue law, chap. 58, Laws of 1913, p. 173.

10. Nothing that the taxing authorities have done or could do can or will affect the lien, rights or interests of the United States in such land for the deferred payments on the water right.

APPEAL from the District Court of the Fourth Judicial District for Minidoka County. Hon. C. O. Stockslager, Judge.

Action to restrain Minidoka County from levying and collecting taxes on certain lands in said county. Demurrer to the complaint overruled and judgment and decree entered in favor of the plaintiff. *Reversed.*

Sweeley & Sweeley and H. B. Redford, for Appellants.

All property is liable to taxation unless expressly exempted. (*Salisbury v. Lane*, 7 Ida. 370, 63 Pac. 383.) And when a claim of exemption is made, it must clearly appear, and the party claiming it must be able to point out some provision of law plainly giving the exemption. (*People v. Coleman*, 135 N. Y. 231, 31 N. E. 1022; note to *Herrick & Stevens v. Sargent & Lahr*, 132 Am. St. 293, and cases cited.)

The term "property" as applied to land comprehends every species of title, inchoate or complete. It is supposed to embrace those rights which lie in contract—those which are executory as well as those which are executed. (*Soulard v. United States*, 4 Pet. (U. S.) 511, 7 L. ed. 938; *King v. Gotz*, 70 Cal. 236, 11 Pac. 656.)

The interest of the settler is recognized as property by the statutes of the United States, which permit him to sell and mortgage.

And the fact that the government has some interest in the property is no reason why taxes on the interest of the settler cannot be laid. (*Baltimore Shipbuilding etc. Co. v. Baltimore*, 195 U. S. 375, 25 Sup. Ct. 50, 49 L. ed. 242, and cases cited.)

A similar question is presented by the taxation of what is known as Carey act lands prior to the issuance of a patent and was determined by the case of *Bothwell v. Bingham County*, 24 Ida. 125, 132 Pac. 972.

He who has the right to property and is not excluded from its enjoyment shall not be permitted to use the legal title of the government to escape his just share of taxation. (*Northern Pac. R. Co. v. Patterson*, 154 U. S. 130, 14 Sup. Ct. 977, 38 L. ed. 934; *Maish v. Territory of Arizona*, 164 U. S. 599, 609, 17 Sup. Ct. 193, 41 L. ed. 567, 571; *Northern Pac. R. Co. v. Myers*, 172 U. S. 589, 601, 19 Sup. Ct. 276, 43 L. ed. 564, 568; *Stearns v. Minnesota*, 179 U. S. 223, 21 Sup. Ct. 73, 45 L. ed. 162.)

Where a person has so far complied with the provisions of the homestead law, by residing upon and cultivating the land for more than five years, that he can complete his title at any time by making final proof and paying the fees provided by law, the land covered by his entry is taxable. (*Bellinger v. White*, 5 Neb. 399; *Iowa R. R. Land Co. v. Fitchpatrick*, 52 Iowa, 244, 3 N. W. 40; *Northern Pac. R. Co. v. Myers*, 172 U. S. 589, 19 Sup. Ct. 276, 43 L. ed. 564.)

Under the law as it originally stood, what are known as "possessory rights" to public lands were taxable. (*People*

*v. Owyhee Min. Co.,* 1 Ida. 409; *Quivey v. Lawrence,* 1 Ida. 313.)

In no just sense can lands be said to be public lands after they have been entered at the land office and certificate of entry obtained. (*Herrick & Stevens v. Sargent & Lahr, supra.*)

This court has stated in effect that land covered by a possessory right is a part of the public domain. (*Maydole v. Watson,* 7 Ida. 66, 60 Pac. 86.)

Surveyed land filed on as a homestead is private property and not public land. (*Johnson v. Oregon Short Line R. Co.,* 7 Ida. 355, 63 Pac. 112, 53 L. R. A. 744; *Brown v. Kennedy,* 12 Colo. 235, 20 Pac. 696.)

"When the entry of land is made and the certificate given, the particular land is segregated from the mass of public lands and becomes private property." (*Witherspoon v. Duncan,* 4 Wall. (U. S.) 210, 18 L. ed. 339; *Bardon v. Northern Pac. R. R. Co.,* 145 U. S. 535, 12 Sup. Ct. 856, 36 L. ed. 806; *Hastings & Dakota R. R. Co. v. Whitney,* 132 U. S. 357, 10 Sup. Ct. 112, 33 L. ed. 363.)

W. R. Hyatt, for Respondent.

Under the general public land laws of the United States, until patent has issued or a final receipt showing the holder entitled to a patent, the land or any equity or interest therein is not subject to taxation for state, county, etc., purposes. (*Bothwell v. Bingham County,* 24 Ida. 125, 132 Pac. 972; *Oregon Short Line R. R. Co. v. Quigley,* 10 Ida. 770, 80 Pac. 401.)

Taxation cannot apply in any case until the right to a patent is complete and the equitable title fully vested in the party without anything more to be paid or any act to be done going to the foundation of the right. (Cooley on Taxation, pp. 135, 137; *Kansas Pac. Ry. Co. v. Prescott,* 16 Wall. (U. S.) 603, 21 L. ed. 373; *Union Pacific R. R. Co. v. McShane,* 22 Wall. (U. S.) 444, 22 L. ed. 747; *Central Colorado Imp. Co. v. Board of County Commissioners,* 95 U. S. 259, 24 L. ed.

495; *Northern Pac. R. Co. v. Rockne,* 115 U. S. 600, 6 Sup. Ct. 201, 29 L. ed. 477; *Wisconsin Central R. Co. v. Price County,* 133 U. S. 496, 10 Sup. Ct. 341, 33 L. ed. 687; *Hussman v. Durham,* 165 U. S. 144, 17 Sup. Ct. 253, 41 L. ed. 664; *Stearns v. Minnesota,* 179 U. S. 223, 21 Sup. Ct. 73, 45 L. ed. 162; *Diver v. Friedheim,* 43 Ark. 203; *Kohn v. Barr,* 52 Kan. 269, 34 Pac. 880; *Durham v. Hussman,* 88 Iowa, 29, 55 N. W. 11; *Pitts v. Clay,* 27 Fed. 635; Judson on Taxation, p. 23.)

For the purpose of the act, the mere possessory right of the settler does not remove the land from the legal classification as public lands of the United States, and the homestead settler under the provisions of the reclamation act has certainly nothing more than a possessory right prior to the time when he shall have paid for the land and the water charges as provided in the act. (*United States v. Minidoka & Southwestern R. Co.,* 190 Fed. 491, 111 C. C. A. 323.)

"Lands belonging to the state are exempt from taxation, and no title can be acquired to the same by a tax deed." (*State v. Stevenson,* 6 Ida. 367, 55 Pac. 886.)

SULLIVAN, C. J.—This suit was brought to determine the legality of a certain tax levy upon plaintiff's interest in certain land which he had entered under the homestead laws and statutes of the United States commonly known as the reclamation act. Said land is situated under the government reclamation project in Minidoka county. A general demurrer was interposed to the complaint and overruled by the court. Defendants elected to stand on their demurrer and judgment was thereafter entered in favor of the plaintiff. This appeal is from the judgment.

All of the material facts alleged in the complaint are admitted as true under the general demurrer. The following are among the admitted facts: The plaintiff entered the land on which said taxes were levied, on November 14, 1904, and settled thereon, and on October 21, 1910, offered evidence to the United States that he had complied with the law in relation to residence and cultivation of said land, and secured a certificate from the United States certifying that his proof

had been accepted. In said certificate the commissioner of the general land office, among other things, states as follows: "Further residence on the land is not required in order to obtain patent and final certificate, and patent will issue upon proof that at least one-half of the irrigable area in the entry as finally adjusted has been reclaimed, and that all of the charges, fees and commissions due on account thereof have been paid to the proper receiving officer of the government."

The plaintiff, in addition to establishing a residence and cultivating said land, had paid the United States the five annual instalments amounting to $11 per acre, as provided by said reclamation act and the rulings of the Secretary of the Interior thereunder, and still owes the United States five annual instalments amounting to $11 per acre. Said annual instalments are in payment of what is known as the "construction charge" for the irrigation canals and other works constructed by the United States for the purpose of furnishing the plaintiff with water with which to reclaim and irrigate said land. In addition to said deferred payments, the plaintiff will be required to make certain proof to the proper officers of the United States.

It appears that the matter rests now wholly with the plaintiff himself whether he makes the deferred payments and the additional proof required by said reclamation act. The board of equalization of Minidoka county at its July meeting, 1913, made the following order:

"In regard to the homestead entries on the Minidoka Project on which final residence proof has been made and approved, up to the second Monday in January, 1913, and upon which no application for patent has been made prior to said date. It is hereby ordered that all the equity or interest of the owner of said land be segregated and separated from the equity or interest of the United States government in said land and that taxes be charged on all the settler's interest or equity therein and not on the equity or interest of the United States government in said land and the assessor is hereby ordered to change his assessment-roll to conform herewith."

The assessor of said county thereafter complied with said order and levied an assessment upon the equitable interest of the plaintiff in said lands for the purposes of taxation for state, county and school purposes. The plaintiff declined to pay the taxes so levied and the tax collector was about to advertise said land for sale for such delinquent taxes.

Upon that state of facts the trial court held that the equity of the plaintiff in said land was not assessable, and entered a decree perpetually enjoining and restraining the collection of said taxes.

Under the constitution and laws of this state all property is liable to taxation unless expressly exempted. (Secs. 2, 3 and 5, art. 7, Const. of Idaho; sec. 1, Sess. Laws 1913, p. 173.) When a claim of exemption from taxation is made, the party claiming it must be able to point out some provision of law plainly giving the exemption. The respondent has not done so in this case. Since the plaintiff claims and has an equitable interest in the land in question, it is an interest in real estate. The interest of the plaintiff in the land in question is recognized as "property" by the statutes of the United States which permit him to sell and mortgage it. (See act of Congress approved June 23, 1910, 36 U. S. Stats. 592, as amendatory of the act of Congress of June 17th, 1902, 32 U. S. Stats. 388. See, also, General Reclamation Circular, approved by the Secretary of the Interior, Feb. 6, 1913, as amended to Sept. 6, 1913, p. 28.)

Under the reclamation law the plaintiff made proof of the five years' residence and cultivation required by the law, which proof was submitted to and approved by the government, and under the law the government still retained the right to withhold patent until final payment for the water right had been made. Under the law the right to a patent by the plaintiff can be defeated only through his own default, and cannot come about by an affirmative act of the government, and the fact that the government has some interest in the property, that of a lien for deferred payments on a water right, is no reason why taxes on the interest of the plaintiff cannot be laid. (See *Baltimore Shipbuilding & Dry Dock*

*Co. v. Baltimore,* 195 U. S. 375, 25 Sup. Ct. 50, 49 L. ed. 242, and cases cited.   See, also, as bearing on the question, *Bothwell v. Bingham County,* 24 Ida. 125, 132 Pac. 972.)

The second section of an act of Congress entitled "An act providing for patents on reclamation entries and for other purposes," approved August 9, 1912, 37 U. S. Stats. at Large, p. 265, provides that every patent and water right certificate issued under such act of Congress shall expressly reserve to the United States a prior lien on the land patented, or for which water right is certified, etc., and upon default of payment of any amount so due title to the land shall pass to the United States free of all encumbrance, subject to the right of the defaulting debtor or any mortgagee, lienholder, judgment debtor, or subsequent purchaser to redeem the land within one year after the notice of such default shall have been given by payment of all moneys due with interest, and the United States, at its option, acting through the Secretary of the Interior, may cause the land to be sold at any time after such failure to redeem, and from the proceeds of the sale there shall be paid into the reclamation fund all moneys due, with interest; and the balance of the proceeds, if any, shall be the property of the defaulting debtor, or his assignee, etc.

Under that act, if the respondent would make proper proof of the reclamation of one-half of the irrigable land in his entry, he would then be entitled to a patent and the deferred payments to the government would become a lien on the land; and if the government sold said land under the provisions of said act, to recover said deferred payments, and there was any balance after paying the same, that would go to the respondent, or his assignee, etc.   Under the reclamation law, the entryman has a property interest in the land when he has made his final proof of residence and cultivation, and is entitled to a patent upon making the additional proof that he has reclaimed the portion of said land required to be reclaimed under said act.   The reclamation law is very favorable to the entryman, and his neglect and refusal to make the proof required to obtain a patent when he has complied with

the law sufficiently to authorize him to do so will not protect him from the payment of legally assessed taxes.

Under the reclamation law, where a person has so far complied with the provisions thereof by residing on and cultivating the land for more than five years, he can complete his title at any time by making the final proof required and paying the fees provided by law. While it is true the government retains the title, this is done simply as a security for the payment of the money still to become due on the purchase price of the water right. The purchaser under that law has an equitable interest in such land which will ripen into a title in fee, and he may receive a patent if he complies with the law.

It was held in *Iowa R. R. Land Co. v. Fitchpatrick*, 52 Iowa, 244, 3 N. W. 40, that where a corporation is entitled to have certain land certified to under a grant, it cannot escape taxation by failing to have such certification made. In *Herrick & Stevens v. Sargent & Lahr*, 140 Iowa, 590, 132 Am. St. 281, 117 N. W. 751, it was held that where one is entitled to make final proof under a homestead entry, the failure to do so is no reason why the land should be exempt from taxation. (See, also, *Bellinger v. White*, 5 Neb. 399.)

The complaint shows that the plaintiff has done all that is required under the law as regards residence, cultivation and improvement. He can at any time complete the irrigation of at least half of the area in the entry, if he has not already done so, and make final payment of the charges, fees and commissions due and receive his patent. Under that state of facts his interest in said land is subject to taxation. (See *Northern Pac. R. Co. v. Myers*, 172 U. S. 589, 19 Sup. Ct. 276, 43 L. ed. 564.)

Considering the authorities above referred to in connection with the reclamation act, which act provides that the entryman may sell, assign and mortgage the lands after the five years' proof has been made and accepted by the government, necessarily leads to the conclusion that when the requirements as to residence, improvement and cultivation have been met, the government recognizes that the settler has a valid and

substantial property right in and to his land, since it permits him to sell and give the purchaser the same right that he has, and to obtain patent by making proof of reclamation and final payment, and does not require the purchaser or assignee to be a qualified entryman. In like manner it protects the mortgagee and the grantee of the entryman. It clearly recognizes that if the entryman has fully complied with the law, he has a complete equitable title which by his affirmative action can be made at any time into a full legal title and obtain a patent. He therefore has such an interest in said land as is taxable under the constitution and laws of this state.

The plaintiff's interest in said land is not such as is referred to in the statutes of this state as a possessory right to public lands. Such possessory rights thus referred to are recognized by sec. 4552 et seq. of the Code of Civil Procedure of Idaho. The right referred to there was a squatter's right upon unsurveyed land and the squatter had no legal or equitable interest in the land. There is a clear distinction between a "possessory right" which is initiated and made good by occupancy and settlement and filing a notice thereof as required by sec. 4554, Rev. Codes, and the right which accrues to a person through the making of a formal homestead or other entry of the land under the laws of the United States. When the public land is surveyed by the government and filed upon by a qualified entryman in the usual way, it ceases to be public land; and if the entryman complies with the law thereafter, he is entitled to a patent, and when he makes his proof of residence and cultivation and makes proof of reclamation of one-half of the irrigable land contained in his entry, he is entitled to a patent from the government.

In the case of *Shiver v. United States,* 159 U. S. 491, 16 Sup. Ct. 54, 40 L. ed. 231, which was a case involving the cutting of timber from a homestead entry, the court said: "While we hold in this case that, as between the United States and the settler, the land is to be deemed the property of the former, at least so far as is necessary to protect it from waste, we do not wish to be understood as expressing an opinion whether, as between the settler and the state, it may not be

deemed the property of the settler, and therefore subject to taxation.''

The interest held by the plaintiff in said lands is private property and is recognized as private property by the laws of the United States and by the laws of this state. If the interest of the settler on such lands is not subject to taxation until patent finally issues, it would permit the settler to enjoy for years, and perhaps for an ordinary lifetime, all the rights and privileges of his property without sharing in the burden of taxation. He is permitted under the law to lease, mortgage or sell his interest in such land; is not required to reside on it after the period of five years has expired; in fact, has all the privileges of possession and ownership, and clearly has such an interest in the land as is subject to taxation under the constitution and laws of this state.

The record shows that he has made five payments on his water right and there are five deferred payments remaining unpaid. Congress passed an act extending the period for payment under reclamation projects, which was approved August 13, 1914. Under that act the time for making payment was extended to twenty years, and if the plaintiff takes advantage of the liberality of the government as expressed in that act, he may, by declining to make proof of reclamation and final payment on his water right, be protected from paying taxes on his interest in said land for twenty years, provided the contention of counsel for plaintiff be correct. And during that time his interest in said land will no doubt become more and more valuable and he has a right therein that he may assign, sell or mortgage and that may be sold under judicial sale. Such a settler clearly has a vested and private interest in the land, a right separate and distinct from that of the government, and such an interest or right is taxable under the laws of this state.

The record shows that plaintiff has made proof showing that he has complied with the requirements of the general homestead law, and if it were not for the fact that his land is on a reclamation project and that he owes the government certain payments for his water right, he would now be entitled

to a patent, upon making proof of reclamation of one-half of the irrigable land in his entry and making the deferred payments. The real interest of the government in the land at the present time is that of a mortgagee and lienholder only, which lien the government is not required to go into a court to foreclose, under the reclamation law.

Counsel for plaintiff suggests that there is no method of enforcing the collection of the tax against the interest of a settler in such lands. That certainly need not worry him, since the land is subject to taxation. Clearly the interest of the entryman can be sold at tax sale and the lien of such sale foreclosed and title thereto obtained, under the provisions of the present revenue law found in secs. 127–144, chap. 58, Sess. Laws 1913.

The settler has the right under the reclamation act to mortgage or sell and convey his interest in said land, and may lose it through the foreclosure of a mortgage. The county may tax his interest, and if the taxes become delinquent, may sell his interest in the land. Nothing that the county authorities have done or could do can or will affect the rights or interests of the United States in such lands, since the right to enforce its claim for deferred payments on water rights exists unchanged and unimpaired, whether the land remains the property of the original entryman or has passed by voluntary conveyance or judicial sale from him to a grantee, or whether it has been sold and transferred by the county for the payment of delinquent taxes.

We therefore conclude that the court erred in sustaining the demurrer to the complaint and entering judgment perpetually, or at all, enjoining and restraining the county from assessing said interest of the plaintiff in said land and from selling or disposing of such interest as the plaintiff has in such lands for delinquent taxes.

The cause is remanded, with directions to sustain the demurrer and enter judgment in favor of the defendants. Costs awarded to defendants.

Truitt, J., concurs.