(February 14, 1927.)

## W. E. WOOD, T. L. WILSON, W. F. WILSON, ROBERT McDONOUGH, E. E. EIDEMILLER, RAYMOND EIDEMILLER, MARGARET FINN, MARIA ASP, Administratrix of the Estate of ANDREW ASP, Deceased, and C. M. MUNSEY, Administrator of the Estate of MARTHA L. MUNSEY, Deceased, Respondents, v. CANYON COUNTY, IDAHO, Appellant.

[253 Pac. 839.]

TAXATION — LANDS NOT TAXABLE WHERE RECLAMATION PROOF NOT MADE.

Lands within the Payette-Boise government irrigation project, on which homestead entry and proof had been made, but as to which there had been no reclamation proof made nor certificate of such proof issued, *held* not subject to taxation, since, until reclamation proof is accepted by the United States and final certificate issued, entryman does not have taxable interest in land.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Application for cancelation of tax assessments denied by board of county commissioners reversed by district court. *Affirmed.*

L. D. Hyslop and Morgan & Smith, for Appellant.

"An equitable title is a right which one has to have the legal title to property, held by another, transferred to him upon the performance of specified conditions." (*Karalis v. Agnew*, 111 Minn. 522, 127 N. W. 440; *Joy v. Midland State Bank*, 28 S. D. 262, 133 N. W. 276.)

When a homestead entryman, within a government reclamation project, has made his homestead proof and has re-

Publisher's Note.

See Taxation, 37 Cyc., p. 868, n. 66.

claimed, irrigated and cultivated his land sufficiently to enable him to make reclamation proof and receive his patent, although he has failed and neglected to do so, he has an interest in the land which is subject to taxation. (*Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343, and cases therein cited.)

H. A. Griffiths and H. E. Wallace, for Respondents.

''No such patent or certificate shall issue until all sums due the United States on account of such land or water right at the time of issuance of patent or certificate have been paid.'' (*Kansas P. R. R. Co. v. Prescott,* 16 Wall. 603, 21 L. ed. 373; *Union Pacific R. R. Co. v. McShane,* 22 Wall. 444, 22 L. ed. 747; *Northern Pacific Ry. v. Rockne Co.,* 115 U. S. 600, 6 Sup. Ct. 201, 29 L. ed. 477; *Irwin v. Wright,* 258 U. S. 219, 42 Sup. Ct. 293, 66 L. ed. 573.)

The supreme court of Idaho has accepted the ruling of *Irwin v. Wright* in *Leney v. Twin Falls County,* 40 Ida. 600, 600, 236 Pac. 532, and *Hand v. Twin Falls County,* 40 Ida. 638, 236 Pac. 536.

GIVENS, J.—Each of the respondents made homestead entry and proof on land within the Payette-Boise government irrigation project, Canyon county. In no case has reclamation proof been made, nor has certificate of such proof been issued. The lands were assessed for taxation in 1925 and respondents petitioned the board of county commissioners of Canyon county to cancel the assessments, on the theory that the lands were United States property and exempt from taxation. The petitions were denied by the county commissioners and appeals were taken to the district court and consolidated and a decree was entered therein directing that the assessments for taxation against respondents' lands be canceled and this appeal was then taken.

Appellant's offer to prove that in each case all cultivation and irrigation necessary for the issuance of patent had been done was, on objection, not received, which rejection

and the cancelation of the assessments by the district court are assigned as error.

Appellant relies upon *Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343, to support the proposition that when a homestead entryman, within a government reclamation project, has made his homestead proof and has reclaimed, irrigated and cultivated his land sufficiently to enable him to make reclamation proof and receive patent, though he has failed and neglected so to do, he has a taxable interest in the land and therefore the offer of proof should have been allowed and the assessment upheld.

*Irwin v. Wright,* 258 U. S. 219, 42 Sup. Ct. 293, 66 L. ed. 573, the principal case relied upon by respondent, states the general proposition that property belonging to the United States or reserved for its use is not subject to taxation, and that an exception or rather nonapplication of this principle is recognized when the government has, *"by final certificate,"* parted with the equitable title to a person subject to state taxation, and retains only the legal title by its delay in issuing patent. *United States v. Canyon County,* 232 Fed. 985, involving lands similar to those herein considered, where the conditions of the original homestead law had been complied with, but the entrymen had not fully paid for their water rights, and had not brought the prescribed amount of land under cultivation and irrigation and in which it was held that the entrymen held a taxable interest, is considered in *Irwin v. Wright, supra,* the court saying:

"With the second ruling, in which the district court was sustained by a decision of the supreme court of Idaho (*Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343), we cannot agree. We cannot reconcile it with the cases in this court which we have cited above"; and: "After the farm unit was established the entryman had two years in which to fulfil the requisites of the statute. One of these, and as important as any, was the filing of the final affidavit, showing that he had performed the conditions precedent to getting patent, which he had to present to the Land Office

for approval and final certificate, which, as we have said, gave him equitable title.''

While the facts involved in *Leney v. Twin Falls County,* 40 Ida. 600, 236 Pac. 532, and *Hand v. Twin Falls County,* 40 Ida. 638, 236 Pac. 536, are not identical, they are quite similar to those in *Irwin v. Wright, supra,* and in the case at bar, and the principle involved is essentially the same.

In *Leney v. Twin Falls County, supra,* and *Hand v. Twin Falls County, supra,* entrymen under the Carey Act had done all that was required to be done by the state laws and had received a final certificate from the state. The court in effect held that the issuance of the state certificate to the entrymen did not vest equitable title in them since it only established compliance with the state requirements, and that it was still necessary that proof be made to the Department of the Interior to entitle the state to patent for the benefit of the entrymen, and that the acquisition of equitable title is the line between taxability and nontaxability and that therefore the entrymen's lands were not taxable, the court stating in *Leney v. Twin Falls County, supra,* at page 606, that: ''His right to an equitable title is dependent upon the making of full and final proof of compliance, not only by himself but by the state, with the requirements of the Carey Act and the regulations of the Department of the Interior, and the approval of the Secretary of the Interior.''

The Leney and Hand cases are based principally upon *Irwin v. Wright, supra,* and the court in *Irwin v. Wright, supra,* expressly disapproves *Cheney v. Minidoka County, supra,* and *United States v. Canyon County, supra.*

Appellant urges that in *Irwin v. Wright, supra,* the court went too far in its expressns and that all that was necessary for it to hold was that when the party had earned his final certificate the land was taxable. The final certificate, however, is the stamp of approval by the government on the work done and the proof of that work, and while the work accomplished might appear to an assessor to be sufficient, until the work and its proof has been accepted by the govern-

ment it is clearly apparent that the supreme court considers by its announcement in *Irwin v. Wright, supra,* that the entrymen have not acquired a taxable interest.

In the present case homestead proof had been made but before final certificate could issue it was necessary for the entrymen to also make, have approved and accepted reclamation proof, and until this proof was accepted by the United States and final certificate issued the entrymen did not have a taxable interest in the lands.

The rejection of the proof offered and the cancelation of the assessments made were proper and the decree of the district court is affirmed. Costs awarded to respondents.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.