(February 14, 1927.)

ANDREW ASP, Appellant and Cross-Respondent, v. CANYON COUNTY, IDAHO, Respondent and Cross-Appellant.

(February 14, 1927.)

J. F. ROWLAND, Appellant and Cross-Respondent, v. CANYON COUNTY, IDAHO, Respondent and Cross-Appellant.

(February 14, 1927.)

WALTER MATTSON, Appellant, v. CANYON COUNTY, IDAHO, Respondent.

[256 Pac. 92.]

TAXATION—RIGHT OF RECOVERY OF TAXES PAID—MISTAKE OF LAW.
　　1. Generally, taxes voluntarily paid may not be recovered, especially where illegality depends on a mistake of law.

2.   Tax on homestead before reclamation proof and issuance of certificate of reclamation or patent which was paid voluntarily, being based on mistake of law, may not be recovered by taxpayer, under C. S., sec. 3332.

APPEALS from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Applications for cancelation of assessments and refund of taxes denied by board of county commissioners affirmed in part and reversed in part by district court. Action of district court *affirmed.*

H. A. Griffiths and H. E. Wallace, for Appellant.

Action to collect refund of taxes paid on void assessments can be commenced only after demand on board of county commissioners has been made and refund refused. (C. S., sec. 3332; *Neilson v. San Pete County,* 40 Utah, 560, 123 Pac. 334.)

It is admitted that the title to the land in question is in the United States; that there yet remains much to be done by the entryman, appellant herein, before he is entitled to patent. It follows that it is not taxable. (*Irwin v. Webb,* 258 U. S. 219, 42 Sup. Ct. 293, 66 L. ed. 573.)

The assessor had jurisdiction and it was his duty to determine from the facts available whether the property was taxable and if so to assess it. Having arrived at a wrong conclusion, he made an erroneous assessment through error of law. (*Neilson v. San Pete County, supra.*)

Publisher's Note.

1.   Recovery by taxpayer of taxes paid, see notes in 22 **Am. Dec.** 519; 45 **Am. Dec.** 164; 94 **Am. St. Rep.** 425. See, also, 26 **R. C. L.** 455.

Taxation, 37 **Cyc.,** p. 1178, n. 54, p. 1180, n. 66.

L. D. Hyslop and Morgan & Smith, for Respondent.

The assessment of property which is exempt from taxation is not an "erroneous assessment through error," and the remedy of the taxpayer is by original action in the district court to recover the money paid in satisfaction of such assessment, and not by appeal from an order of the board of county commissioners denying his petition for a refund. (*Idaho Irr. Co., Ltd., v. Lincoln County,* 28 Ida. 98, 152 Pac. 1058.)

GIVENS, J.—The facts in the first two cases above are practically identical and are similar to those set forth in *Wood v. Canyon County, ante,* p. 556, 253 Pac. ˉ839. Andrew Asp and J. F. Rowland, appellants and cross-respondents, had made homestead entry and homestead proof for certain land but had not reclaimed or cultivated enough land to permit them to make reclamation proof, and such proof had not been made nor certificates of reclamation or patents issued.

Tax assessments were made on the lands, some of which were paid and some were not paid, the last payment of taxes made in the Asp case being December 8, 1922, and in the Rowland case December 23, 1922.

*Mattson v. Canyon County* differs from *Asp v. Canyon County* and *Rowland v. Canyon County* in one respect, namely, that all taxes assessed were paid and refund of such taxes was petitioned for.

Appellants and cross-respondents petitioned the board of county commissioners of Canyon county, November 19, 1923, for a refund of taxes which they had paid and for the cancelation of assessments which they had not paid. Their petitions not being allowed, appeals were taken to the district court, where the cases were consolidated and a decree was entered modifying the order of the board of county commissioners, denying the refund of taxes paid and canceling the assessments which had not been paid.

Respondent and cross-appellant, Canyon county, assigns as error the action of the trial court in modifying the order of the board of county commissioners providing for the cancelation of unpaid taxes assessed, their contention being the same as that made in *Wood v. Canyon County, supra.* Upon the reasoning and authority of *Wood v. Canyon County, supra,* the decrees of the district court as to that phase of the cases are affirmed.

Appellants and cross-respondents urge as error the action of the trial court in refusing to refund the taxes paid by them because of the illegal assessments made.

[1, 2] In *Howell v. Board of County Commissioners of Ada County,* 6 Ida. 154, 53 Pac. 542, the court held that in the absence of statute county commissioners had no right to refund taxes voluntarily paid though illegal and void. *Idaho Irr. Co. v. Lincoln County,* 28 Ida. 98, 152 Pac. 1058, held that an illegal tax paid under protest could be recovered in an action at law. The general rule is that taxes voluntarily paid may not be recovered, especially where the illegality depends upon a mistake of law. (37 Cyc. 1178 and 1180.) There was no protest in any of the instances under consideration. The levy of taxes was based upon a mistake of law, namely, the erroneous conception that prior to the issuance of final certificate the lands were taxable. Not having been paid under protest, the taxpayers were not "entitled" even under C. S., sec. 3332, to a refund and the taxes were not recoverable. This renders it unnecessary to discuss any of the further questions raised in the cases. The respective judgments of the trial court are therefore affirmed. Each party to pay his own costs.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.