(No. 6825.   October 22, 1940.)

HELEN M. JOLLEY, Appellant, v. MINIDOKA COUNTY, IDAHO, E. T. HOLLENBECK, A. H. CULLEY and ROY E. CLARK, the Board of County Commissioners of Minidoka County, Idaho, Respondents.

[106 Pac. (2d) 865.]

T. M. Morris and A. G. Sathre, for Appellant.

H. A. Baker, for Respondents.

MORGAN, J.—This suit was commenced by appellant against respondents, Minidoka County and its board of commissioners, to restrain them from selling forty acres of land acquired by her and her husband, from the United States by means of a homestead entry made by the husband, February 15, 1906, pursuant to the homestead law, as modified by the Act of Congress of June 17, 1902, known as the reclamation act. The facts of the case are established by undisputed allegations of the pleadings and by stipulation of the parties litigant entered into in the district court. It appears that from prior to making the homestead entry until the date of the death of the entryman, which occurred in March, 1938, he and appellant were husband and wife; that she is the survivor of their marital community and succeeded to his interest in the property at the time of his death; that when the application to enter the land was allowed the husband and wife took up their residence on it and resided thereon continuously until his death, and that she has continued to occupy and reside thereon since his death; that appellant and her husband made improvements on the land and cultivated portions of it, as required by the homestead laws of the United States, and the husband made proof to the United States of compliance with all the requirements of the homestead law as to residence, improvement and cultivation, which proof was accepted as being sufficient and satisfactory and, July 11, 1912, there was issued to him, by the General Land Office, a certificate reciting that said proof had been made, found to be satisfactory and accepted as full compliance with

"the ordinary provisions of the homestead law"; that no final proof of reclamation of said land has been made, and the United States has not issued final certificate nor patent to the land; that in 1929 Minidoka County levied, assessed, equalized and extended taxes against the land, no part of which has been paid; that by reason of the non-payment thereof the county treasurer issued his deed purporting to convey the land to Minidoka County; that no redemption having been made, respondents advertised the land for sale and threatened to sell it as land acquired by the county by tax deed. The purpose of this suit is to restrain the sale.

Trial in the district court resulted in a decree dissolving a restraining order, theretofore issued against respondents, and dismissing the suit, from which this appeal has been taken.

Section 5 of the Reclamation Act of Congress, of June 17, 1902, provides:

"That the entryman upon lands to be irrigated by such works shall, in addition to compliance with the homestead laws, reclaim at least one-half of the total irrigable area of his entry for agricultural purposes, and before receiving patent for the lands covered by his entry shall pay to the Government the charges apportioned against such tract, as provided in section four. . . . . "

That statutory provision was in effect at the time appellant's husband made application to make homestead entry of the land which respondent, Minidoka County, seeks to sell to satisfy its tax claim. It is appellant's contention, as we understand it, that the application to make the entry, and the acceptance of it, constitute a contract between the entryman and the United States; that one of the conditions of that contract is that before patent will be issued the entryman, or his successor in interest, must reclaim at least half the total irrigable area of the land embraced in his entry and pay to the government the charges of reclamation apportioned against it; that title remains in the United States until these conditions are complied with and that, therefore, the land is not subject to taxation by the state or any subdivision thereof.

Counsel for appellant, referring to the Act of Congress of June 17, 1902, above quoted, say in their brief:

"This law entered into and became an important part of the contract between Jolley and the Government, and by this law the Government in effect promised and agreed with Jolley that it would protect him against taxation of this land by the State of Idaho and Minidoka County until such time as he might get his land and water paid for and had received a final certificate and knew that he would secure a patent."

As a part of the judicial history of controversies like the one presented here, and as suggesting a reason for the amendment of the law relied on by counsel for appellant, the following cases may be of interest: *Bothwell v. Bingham County,* 24 Ida. 125, 132 Pac. 972, 237 U. S. 642, 35 Sup. Ct. 702, 59 L. ed. 1157; *Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343; *United States v. Canyon County, Idaho,* 232 Fed. 985; *Irwin v. Wright,* 258 U. S. 219, 42 Sup. Ct. 293, 66 L. ed. 573; *Leney v. Twin Falls County,* 40 Ida. 600, 236 Pac. 531; *Wood v. Canyon County,* 43 Ida. 556, 253 Pac. 839; *Asp v. Canyon County,* 43 Ida. 560, 256 Pac. 92.

Respondents properly concede they have no power or authority to tax the property of the United States without its consent. They rely on an amendment to the Act of Congress of June 17, 1902, being United States Code Annotated, Title 43, section 455 (1939 Cumulative Annual Pocket Part, p. 55), applicable to lands embraced in reclamation homestead entries, which provides:

"The lands of any homestead entryman under this chapter . . . . may, after satisfactory proof of residence, improvement, and cultivation, and acceptance of such proof by the General Land Office, be taxed by the State or political subdivision thereof in which such lands are located in the same manner and to the same extent as lands of a like character held under private ownership may be taxed. (Enacted Apr. 21, 1928, c. 394, § 1, 45 Stat. 439, as amended June 13, 1930, c. 477, 46 Stat. 581.)"

The law, as amended, also fully protects any prior lien of the United States upon the land, in case of sale thereof to satisfy delinquent taxes.

Appellant's counsel argue that Congress did not intend the act of 1928, above quoted, to affect the contract between Jolley and the United States, and that it was the intention

it apply only to contracts to be entered into after that act became effective.

We agree with appellant's contention that an application to make a reclamation homestead entry and the acceptance of it, by the United States, constitute a contract between the entryman and the government. The contract is that when the entryman has complied with the legal requirements as to residence on, and cultivation and reclamation of his land, and when he has made acceptable proof of his compliance, the government will issue and deliver to him a patent evidencing his ownership of it.

Counsel for appellant are in error in their contention that the government, in effect, promised and agreed with the entryman that it would protect him against taxation of the land by the state and Minidoka County until he had received a final certificate showing him to be entitled to patent. There is nothing in the relation between a reclamation homestead entryman and the United States to sustain that contention, nor is there anything in the language employed by Congress in enacting the law of 1928 to suggest it. Pursuant to that law, the interests of reclamation homestead entrymen, who have made satisfactory proof of residence, improvement, and cultivation, which have been accepted by the General Land Office, are taxable by the states and their political subdivisions, prior to the issuance of patents, regardless of when the entries are made.

The decree is affirmed. Costs are awarded to respondents.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.