(No. 7015. November 4, 1942.)

JOHN P. WALKER, Respondent, v. GEORGE W. WEDGWOOD, Tax Commissioner of the State of Idaho, Appellant.

[130 Pac. (2d) 856.]

Bert H. Miller, Attorney General, and J. R. Smead and D. W. Thomas, Assistant Attorneys General, for appellant.

Lawrence B. Quinn and R. W. Beckwith for respondents.

GIVENS, C. J.—Respondent, an employe of the federal government, though not a constitutional officer thereof, sued, under the declaratory judgment statute, 1933 S. L., ch. 70, p. 113, appellant, tax commissioner of the state of Idaho charged with the duty of collecting the state income tax, to recover income taxes paid by him to the state for the years 1939 and 1940. The 1939 tax was paid without protest, but the 1940 tax was paid under protest. The trial court sustained respondent's contention and theory that the legislature by the statute as passed in 1931[1] and amended in 1933[2] did not intend to tax the salary of federal officers, and that the taxes were paid under duress, therefore, protest was unnecessary to afford relief.

---

[1] Section 61-2478, I.C.A.

"* * * And all income, except what has been expressly exempted under the provisions of this chapter and income not permitted to be taxed under the constitution of this state or the constitution or laws of the United States, shall be included and considered in determining the net income of taxpayers within the provisions of this chapter."

[2] 1933 S. L., ch. 159, at p. 246.

"b. The term 'gross income' does not include the following items, which shall be exempt from taxation under this chapter: * * *

"4. All such income, if any, from whatever source derived which may not be, by reason of any provision in the constitution of this state or in the constitution or laws of the United States, included in gross income as defined in this chapter; * * *."

■ Appellant, in the first instance, urges this procedure was incorrect and that the suit should have been one for review of the act of the commissioner in refusing a refund under sec. 61-2467, I. C. A. All requirements of secs. 61-2467-8-9, I. C. A., were complied with, and, therefore, there is no essential difference in the substance of the two proceedings, nor has the slightest additional burden or inconvenience to the commissioner been suggested by reason of the fact that this suit is sought under the declaratory judgment statute rather than a suit denominated to determine by review the action of the commissioner.

■ Neither the state income tax statute as passed in 1931 nor any amendment makes mention of whether the recovery of taxes is or is not dependent upon their having been paid under protest. The federal statute prior to 1924, as construed by the courts, permitted no refund unless the tax had been paid under protest. (*Fox v. Edwards*, 287 Fed. 669; *Warner v. Walsh*, 24 Fed. (2d) 449.) In 1924 Congress amended the law, 43 Stat. at Large, ch. 234, sec. 1014, p. 343, providing that taxes could be recovered although they had not been paid under protest. This then was the federal statute at the time our statute was adopted. The state law was patterned very largely upon the federal statute. Where one statute is taken from another jurisdiction and there are changes or omissions, the ordinary rule of statutory construction considers that such changes or omissions were purposely made. (*Hendrix v. Gold Ridge Mines, Inc.*, 56 Ida. 326, at 338, 54 Pac. (2d) 254; *Girard v. Defenbach*, 61 Ida. 702, 106 Pac. (2d) 1010.)

■ At the time our income tax law was passed, this court had uniformly held that other forms of taxes could not be recovered unless there was a protest made at the time of their payment. (*Shoup v. Willis*, 2 Ida. 120, 6 Pac. 124; *Howell v. Board of Commissioners*, 6 Ida. 154, 53 Pac. 542; *Gess v. Nampa & Meridian Irr. Dist.*, 33 Ida. 189, 192 Pac. 474; *Asp. v. Canyon County*, 43 Ida. 560, 256 Pac. 92.)

■ There is another rule of statutory construction to the effect that the legislature in passing a statute has in mind extant law and its interpretation and legislates in relation thereto. (In re Moffitt's Estate, 153 Cal. 359, 95 Pac. 653; *Moss v. Taylor*, 73 Utah 277, 273 Pac. 515, at 519; 25 R. C. L. 1052; 59 C. J. 1038, sec. 616.) Under these two rules, the only reasonable conclusion is that the legis-

lature intended there should be no refund unless the tax was paid under protest.

Requiring the tax to be paid or security given for its payment, by sec. 61-2467, I. C. A., as a prerequisite for its recovery was not such duress or compulsion as to obviate the necessity of payment under protest. (*Southern Service Company v. Los Angeles County*, 15 Cal. (2d) 1, 97 Pac. (2d) 963; *Adrico Realty Corp. v. City of New York*, 250 N. Y. 29, 164 N. E. 732, 64 A. L. R. 1 and note; 61 C. J. 986.) The 1939 payment, therefore, may not be recovered.

The only remaining question is, did the legislature in 1933 intend by the wording of the statute as then amended to tax the officials of a separate and distinct sovereignty, namely, the United States government? It is not now a question of power to do so, but of the intent of the legislature at that time. Until 1939, both by statute and judicial decision, conceding there was a trend departing therefrom, the rule had been repeatedly enunciated that states could not tax federal officials and that the federal government could not tax state officials. (*Dobbins v. Commissioners of Erie County*, 10 L. ed. 1022; *Buffington v. Day*, 20 L. ed. 122; *New York ex rel. Rogers v. Graves*, 81 L. ed. 306; *Metcalf v. Mitchell*, 70 L. ed. 384; *Bettman v. Warwick*, 108 Fed. 46; *Powers v. Commissioner of Internal Revenue*, 68 Fed. (2d) 634; *Therrell v. Commissioner of Internal Revenue*, 88 Fed. (2d) 869.)

In 1939 the United States Supreme Court decided the case of *Graves v. New York*, 83 L. ed. 927, 120 A. L. R. 1466, holding the states could tax federal officials and expressly overruling the previous line of authorities. Following that, Congress passed the so-called Public Salary Tax Act, 53 U. S. Stat., ch. 59, pp. 574-577, 26 U. S. C. A. Int. Rev. Acts, pp. 1163-1165, by the terms of which Congress granted the states the right to tax the salary of federal officials, making it not retroactive and refraining from authorizing the federal government to tax the salaries of state officials unless the particular state taxed federal officials. It is now argued that this decision and this change by Congress, because of the claimed retroactive character of the decision, had the effect of declaring there never had been any bar to the states' taxing federal officials' salaries, and that therefore the state legislature in 1933 with unexpressed prescience intended to cover in its definition

of gross income the salaries of federal officials when the previous judicial bar should be lifted.

*Girard v. Defenbach*, supra, is controlling, the court there saying:

"In 1931 when the extraordinary session of our legislature adopted the Income Tax Law, the definition of gross income contained in the Federal Income Tax Act, with reference to taxation of salaries of federal judges had been twice interpreted by the Supreme Court of the United States, in *Evans v. Gore* (June 1, 1920), 253 U. S. 245, 40 Sup. Ct. 550, 64 L. ed. 887, 11 A. L. R. 519, and *Miles v. Graham* (March, 1925), 268 U. S. 501, 45 Sup. Ct. 601, 69 L. ed. 1067, and not only does the rule of construction of an adopted statute appear applicable, but in addition the legislature by section 77 of the act specifically provided that for the purpose of determining 'gross income' the decisions under the Federal Income Tax Act should be the rules of decisions in all courts of this state and by the tax commissioner. Whether such provision is of binding force need not be determined; however it clearly discloses the intent of the legislature to adopt the interpretation previously placed upon the adopted statute by the Supreme Court of the United States, to the effect that the salaries of certain officials were not considered as 'gross income' within the statute. In *Evans v. Gore,* supra, the Supreme Court considered the question of the taxation of the salary of a federal judge appointed prior to the enactment of the 1919 Federal Income Tax Act, determining that in so far as it applied to the salary of a federal judge appointed prior to its enactment such statute was unconstitutional under the court's interpretation of sec. 1, art. 3 of the federal constitution, heretofore quoted. In *Miles v. Graham,* supra, the right to tax the salary of a federal judge appointed subsequent to the 1919 Federal Income Tax Act was in question, the Supreme Court holding that the entire provision relative to taxation of salaries of the judicial officers was unconstitutional. It thus appears that when this act was passed by the 1931 Extraordinary Session of the legislature the Supreme Court of the United States had twice interpreted the federal statute from which the state statute was adopted as being unconstitutional in so far as it applied to salaries of officers whose salaries by the terms of the constitution could not be diminished during their term of office. The 1931 Extraordinary Session of the legislature

evidenced its intent to eliminate from the provisions of the state law those state officers provided by the constitution to be free from diminution of salary during their term of office by omitting from the state act that portion of the federal act attempting to subject like officers to taxation. Further following the expressed intention of the legislature the tax commissioner of the state of Idaho immediately after the effective date of the Income Tax Law of 1931, promulgated rules and regulations which evidence the same legislative intent, the rules and regulations providing for the taxation of:

" 'Income received by an officer or employee of the State of Idaho, whether elected or appointed, except salary of the governor, secretary of state, state auditor, state treasurer, attorney general, superintendent of public instruction, justices of the supreme court, district judges and district attorneys.'

"It is quite apparent that the state legislature in 1931 did not intend, but to the contrary disclosed an intention not to tax the salaries of officers enumerated in section 27 of article 5 of the state constitution, supra."

■. While applying to a constitutional state officer, the reasoning is pertinent and applicably analogous because until the case of *O'Malley v. Woodrough,* 83 L. ed. 1289, was decided, it had been the uniform judicial construction that the imposition of a tax by a sovereignty on its own constitutional officials was, in the face of a provision of the constitution that salaries of such could not be diminished during the term of office of such officer, unconstitutional. The O'Malley case, supra, held that such no longer was a correct interpretation of that constitutional provision, therefore, on a parity of appellant's reasoning, that there never had been such a bar. Nevertheless, this court held that because the bar had been in existence at the time the state income tax law was passed, the legislature had not intended, without further legislative action, that as soon as such bar was removed by judicial fiat, the tax would be applied. In other words, if the legislature didn't intend that without further enactment it should apply on the removal of one bar, it is reasonable to consider that it did not so intend as to the other. In fact, it would be less persuasive to believe that the legislature intended to tax the officers of a separate sovereignty than that they intended to tax officers of their own sovereignty if at some time the same would not

be unconstitutional. This conclusion finds support in both reasoning and principal in *Meredith v. Tax Commission*, 163 Ore. 305, 96 Pac. (2d) 1082, 125 A. L. R. 1417, quoted with approval in *Girard v. Defenbach*, supra. This legislative intent, or lack of taxing intent, is further shown by the amendment of 1941, ch. 12, 1941 S. L., p. 27, expressly taxing such federal salaries. (*Anderson v. Rayner*, 60 Ida. 706, 96 Pac. (2d) 244.)

The judgment is therefore reversed as to the 1939 taxes and affirmed as to the 1940 taxes. Costs to respondent.

Holden and Ailshie, JJ., and Sutton, D.J., concur.

Budge, J., concurs in the conclusion.

Sutton, D. J., sat in place of Morgan, J., who deemed himself disqualified.