Argued November 8; affirmed December 12, 1939

MEREDITH *v.* STATE TAX COMMISSION ET AL.

(96 P. (2d) 1082)

In Banc.

*Ralph R. Bailey,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Carl E. Davidson, Assistant Attorney General, on the brief), for appellants.

*Harry Lehrer,* of Portland (Cookingham & Hanley, of Portland, on the brief), for respondent.

BAILEY, J. The state tax commission appeals from a decree of the circuit court ordering a refund to the plaintiff, Helen Meredith, of $11.66 paid by her as personal income tax for the year 1935.

There is no dispute as to the facts in the case. The plaintiff, during the entire year 1935, was a resident of Oregon and was engaged as a regular, full-time employe in the Portland office of Home Owners' Loan Corporation. For such services she received a salary of $1,383, which constituted her entire income for that year. On March 18, 1936, she filed with the state tax commission her individual income tax return for the year 1935, in which it was stated that she had received the sum of $1,383 and was entitled to a personal exemption of $800, leaving a balance of $583, the tax on which, at the statutory rate of two per cent, amounted to $11.66. With the filing of her tax return she transmitted the sum of $5.83 and thereafter, on September 30, 1936, remitted and paid to the commission the further sum of $5.83. Both these payments were made under protest.

Home Owners' Loan Corporation was created and organized in the year 1933, pursuant to the Home

Owners' Loan act of that year (48 Stat. 128, 12 U. S. C. A. § 1461 *et seq.*). The capital stock of the corporation has at all times been owned exclusively by the United States government. The corporation is engaged in loaning money, obtaining the funds for its lending activities from the United States treasury in payment for the total capital stock subscribed by the secretary of the treasury, and from the public through the sale of bonds.

On or about October 15, 1936, Mrs. Meredith, pursuant to § 69-1528, Oregon Code 1935 Supplement, appealed to the state tax commission for revision of the tax assessed against her for the year 1935. In her application she requested a refund of the amount which she had paid, on the ground that her entire income for the year 1935 was received by her as an employe of the United States through the instrumentality of Home Owners' Loan Corporation, and was therefore not subject to taxation by the state of Oregon. On October 19, 1936, her appeal was denied by the commission, and on December 16, 1936, the plaintiff, pursuant to § 69-1529, Oregon Code 1930, filed this suit in the circuit court for a review of the determination of the state tax commission denying her application for a refund. Upon a trial in that court a decree was entered reversing and setting aside the ruling of the state tax commission and ordering that $11.66 paid by the plaintiff as personal income tax for the year 1935 be refunded to her, also awarding her judgment for costs and disbursements in that court. In conformance with § 69-1529, *supra*, the state tax commission prosecutes this appeal.

The only provisions of the personal income tax law of this state which are material to the question

here presented are §§ 69-1503 and 69-1506, Oregon Code 1935 Supplement, both of which have reference to payment of tax on income received during the year 1935.

Section 69-1503, *supra*, provides that:

"A tax is hereby imposed upon every resident of the state upon and with respect to his entire net income, as hereinafter defined, including also his entire net income from personal service earned both within and without the state."

This section further provides the rate that shall be paid for the tax year 1933 and each succeeding tax year thereafter.

The term "gross income" is defined as including "income derived from salaries, wages or compensation for personal service, of whatever kind and in whatever form paid": subdivision 1 of § 69-1506, *supra*. Subdivision 2 of this section reads in part as follows:

"The term 'gross income' does not include the following items, which shall be exempted from taxation under this act:

＊　　　＊　　　＊　　　＊　　　＊

"(f) Salaries, wages and other compensation received from the United States by officials or employees thereof which are or shall be exempt from state taxation by federal law."

█ It is conceded that the creation of Home Owners' Loan Corporation was a constitutional exercise of the powers of the federal government. When the national government lawfully acts through a corporation which it owns and controls, those activities are governmental functions and entitled to whatever tax immunity attaches to those functions when carried on by the government through its departments: *McCulloch v. Maryland*, 4 Wheat, 316, 432, 4 L. Ed. 579; *Indian Motorcycle Co. v. United States*, 283 U. S. 570, 51 S. Ct. 601, 75 L.

Ed. 1277; *Graves v. New York ex rel. O'Keefe*, 306 U. S. 466, 59 S. Ct. 595, 83 L. Ed. 927, 120 A. L. R. 1466. As early as the case of *Dobbins v. Commissioners of Erie County*, 16 Pet. 435, 448, 449, 10 L. Ed. 1022, the supreme court of the United States decided that the state "was without authority to tax the instruments, or compensation of persons, which the United States may use and employ as necessary and proper means to execute its sovereign power": *New York ex rel. Rogers v. Graves*, 299 U. S. 401, 57 S. Ct. 269, 81 L. E. 306. See also, *Collector v. Day*, 11 Wall. 113, 20 L. Ed. 122.

In *Graves v. New York ex rel. O'Keefe*, supra, decided March 27 of this year, it is said:

"The single question with which we are now concerned is whether the tax laid by the state upon the salary of respondent, employed by a corporate instrumentality of the federal government, imposes an unconstitutional burden upon that government. The theory of the tax immunity of either government, state or national, and its instrumentalities, from taxation by the other, has been rested upon an implied limitation on the taxing power of each, such as to forestall undue interference, through the exercise of that power, with the governmental activities of the other."

That case involved the right of the state of New York to impose an income tax on the salary of an employee of Home Owners' Loan Corporation, and the supreme court of the United States held that this could constitutionally be done, expressly overruling *Collector v. Day*, supra, and *New York ex rel. Rogers v. Graves*, supra, "so far as they recognize an implied constitutional immunity from income taxation of the salaries of officers or employes of the national or a state government or their instrumentalities."

■ The plaintiff, Helen Meredith, was, during the

year 1935, an employee of the United States, within the meaning of subdivision 2 of § 69-1506, *supra*. We have been directed to no express provision of the federal statutes which would exempt from taxation the salary received by her for the year 1935 from Home Owners' Loan Corporation. But, as already pointed out, her salary was, by force of the decisions of the United States supreme court then controlling, exempted from income taxation by the state of Oregon.

■ We are here confronted with the necessity of determining what the legislature intended when it excluded from "gross income" the salaries, wages and other compensation of employees of the United States "which are or shall be exempt from state taxation by federal law". To say that the legislature had in mind only such salaries, wages and other compensation as were expressly exempted from state taxation by some provision of the United States constitution or statutes, would be to construe its language too narrowly. The legislature is presumed to have had in mind the decisions of the supreme court of the United States holding that the constitution of the United States impliedly prohibited the states from taxing the instrumentalities of the federal government or the salaries, wages and other compensation of employees of the United States United States or governmental instrumentalities created by acts of Congress. It is therefore apparent that the legislature intended, in enacting the sections of the income tax law now under consideration, to exempt from taxation by the state the salary of Mrs. Meredith as an employee of Home Owners' Loan Corporation, at least while the law as then declared by the decisions of the United States supreme court should remain unchanged.

The tax commission, however, urges that the over-ruling by the United States supreme court of its prior decisions, in *Graves v. New York ex rel. O'Keefe*, supra, and *State Tax Commission of Utah v. Van Cott*, 306 U. S. 511, 59 S. Ct. 605, 83 L. Ed. 950, and the holding of that court in those cases that the salaries, wages and compensation of officers and employees of the United States were subject to the income tax law of the several states, result in upholding the legality of the tax levied by the commission against the plaintiff herein for the year 1935.

In this connection it is argued by the tax commission that as a general principle the overruling of a former decision by a later decision of the same court is retrospective in operation, with the result, "not that the former decision is bad law but that it never was the law"; in other words, that since the supreme court of the United States in the two cases last hereinabove cited has ruled that the salaries and compensation of officers and employees of the federal government and its instrumentalities are subject to taxation by the several states, the law always has been as now declared, and that therefore the salary of Mrs. Meredith "never was exempt from state taxation by federal law".

The reasoning advanced by the tax commission would be persuasive, were it not for the fact that the legislature, in subdivision 2 of § 69-1506, *supra*, has expressly declared that salaries and wages of officers and employees of the United States are not to be taxed by the state of Oregon when exempted by federal law from such taxation. What the legislature undoubtedly had in mind was that such salaries and wages were, at the time the act was passed, exempt from the opera-tion of the state income tax law by force of the rulings

of the United States supreme court, and that the law generally affecting taxation of the compensation of federal employees, whether contained in statutes of the United States or in court decisions, in force and recognized during the tax year, should be determinative of the right of the state to impose such tax.

To accede to the contention of the tax commission that the holding in *Graves v. New York ex rel. O'Keefe*, supra, and *State Tax Commission of Utah v. Van Cott*, supra, reversing earlier decisions of long standing on the same subject, had a retrospective effect and subjected to state taxation the plaintiff's salary for the year 1935, is to attribute to the legislature in its enactment of subdivision 2, *supra*, an intention which obviously it did not have. Such a construction of the statute in question would work an injustice to federal employees who had complied with the law as then interpreted by the supreme court of the United States, by imposing upon them the duty of paying taxes for past years during which they were specifically exempted from such payment.

The injustice of such a result was foreseen by the Congress of the United States in its enactment of the statute known as "Public Salary Tax act of 1939", U. S. C. A. Current Service No. 4, pages 668-670. By § 4 of title I of this act, 5 U. S. C. A., § 84a, the United States consents to the taxation of compensation for personal services received by any officers or employees of the United States or any agency or instrumentality thereof after December 31, 1938, by any duly constituted taxing authority having jurisdiction to tax such compensation. Section 207 of title II of the act prohibits the states from collecting any tax imposed by them on compensation received before January 1, 1939, for per-

sonal services as an officer or employee of the United States or any agency or instrumentality thereof, which is exempt from federal income taxation. By the same act provisions are made for a refund of federal income tax collected by the United States government from state officers and employees on compensation received by them prior to December 31, 1938.

It is our opinion that the salary received by Mrs. Meredith during 1935 as an employee of Home Owners' Loan Corporation was exempted from taxation under the income tax law of this state.

The decree of the circuit court is affirmed.

BELT, J., not sitting.