Argued May 19, affirmed September 10, 1953

HINK ET UX. *v.* BOWLSBY and VADER ET AL.

260 P. 2d 1091

*Geo. A. Rhoten* of Salem argued the cause for appellants. On the brief were Rhoten, Rhoten & Speerstra.

*Jos. M. Devers* of Stayton and *William R. Thomas* of Lebanon argued the cause for respondents. On the brief were Bell & Devers of Stayton and Morley & Thomas of Lebanon.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, LUSK, TOOZE and PERRY, Justices.

PERRY, J.

The plaintiffs filed and argued a motion in this court to dismiss this appeal for the reason that the defendants failed to file a satisfactory undertaking on appeal within the statutory period of 60 days from the rendition of the trial court's decree.

The notice of appeal, service thereof, and an undertaking on appeal were filed within the prescribed time. The original undertaking as filed was challenged, its insufficiency was admitted, and the defendants tendered another surety. The plaintiffs objected to the qualifications of the surety offered, which objection was sustained by the trial court, and thereafter, within a period of five days allowed by the court after sustaining the objections to the surety tendered, and more than 60 days from the rendition of the judgment, a satisfactory bond was given for this appeal.

■ The motion to dismiss is predicted upon the theory that a sufficient undertaking on appeal must be given and filed within the time provided for filing the notice of appeal with proof of service thereof, and that failure to do so is jurisdictional. Section 10-807, OCLA, prior to its being amended in Oregon Laws 1943, ch 119, § 2, read as follows:

"Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript or such an abstract as the law or the rules of the appellate court may require of so much of the record as may be necessary to intelligibly present the question to be decided by the appellate tribunal, together with a copy of the judgment or decree appealed from, the notice of appeal, and proof of service thereof, and of the undertaking on appeal; * * * and after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise."

By the 1943 amendment this statute was changed and now reads as follows:

> "Upon the appeal being perfected the appellant shall, within 30 days thereafter, file with the clerk of the appellate court a transcript, which shall consist of a copy of the judgment or decree appealed from, of the notice of appeal, with proof of service thereof, and of the undertaking on appeal, with proof of service thereof, and copy of all orders extending time for filing the transcript, all duly certified by the clerk of the county from which the appeal is taken, and such other papers as shall be required by the rules of the supreme court * * *."

It is to be noted that in the amended statute the words "after compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise" are omitted. The amended statute gives to this court jurisdiction of the cause upon notice of appeal being given in open court and entered in the journal of the court, or filed with the clerk of the court, with proof of service indorsed thereon. The performance of these acts is absolutely necessary to vest jurisdiction in this court. However, after these acts are performed, the subsequent acts required in the amended statute are cause only for dismissal of the appeal and such a dismissal lies within the judicial discretion of this court.

It is, therefore, evident that the purpose of the statute was to empower this court to relieve from a failure to perform any acts therein required or to require their performance within a time certain, but regardless of the amendment the rule with reference to an undertaking on appeal is stated in *Williams v. Ragan*, 174 Or 328, 335, 143 P2d 209:

> "* * * The court may also relieve from the

failure to file an undertaking within the time or to file a proper undertaking. This power it has always assumed to exercise, * * *."

The motion is denied.

On the merits:

This is a suit brought by Floyd Hink and Edith Hink as plaintiffs to quiet in themselves the title to certain real premises situated in Linn county, Oregon.

The defendants, Bruce Bowlsby and wife, admit that the plaintiffs are the owners of the real property, subject to their claim of ownership in the merchantable timber growing thereon. The claim of right of the defendants is based upon the following written agreement executed by Jorie W. Gaines and wife and the defendant Bruce Bowlsby:

"STATEMENT

BOWLSBY TRANSFER & STORAGE

Local and Long Distance Moving

"Insured Carriers to All Points—Oregon, Washington, Idaho, California

"1414 S. E. Long St. For Rates Phone Office VE 4129 Portland, Oregon, March 17, 1947

"It is herewith agreed by Parties of the first Part, Jorie Gaines and Addell Gaines and Bruce Bowlsby, to sell all merchantable timber on section back from the road at $4.50 per thousand feet. Bord [sic] feet. And the two pieces down on sement [sic] Highway at $5.00 per thousand bord [sic] feet.

"Township 10-S-R. 1-E and 1 West in Lynn [sic] County.

"Parties of the first Part are to Permit Mr. Bruce Bowlsby to build and maintain roads through his Place to take out said timber and other timber

adjoining them if the case be that he needs the road longer.

> (s) Jorie W. Gaines
> (s) Addell Gaines
> (s) Bruce Bowlsby''

Gaines and wife at the time of the execution of the above writing being possessed of the fee simple title in and to the real property, and from whose heirs at law these plaintiffs acquired their interest in the real estate.

The judgment of the trial court determined that the plaintiffs were the owners in fee simple of the real property, free and clear of the claimed interest of the defendants, Bowlsby, in or to the standing timber growing thereon, and from this adverse decision the defendants Bowlsby appeal. The decisive issue in this case is whether the description of the property contained in the writing is sufficient to convey an interest therein.

■ Standing timber is a part and parcel of the real property and is considered of itself as real property until severed from the soil. *Seguin et al., v. Maloney-Chambers,* 198 Or 272, 253 P2d 252, 256 P2d 514; *Anderson et ux. v. Moothart,* 198 Or 354, 256 P2d 257; *Belt et ux., v. Matson, et al.,* 120 Or 313, 252 P 80; *Anderson v. Miami Lumber Co.,* 59 Or 149, 116 P 1056.

■ While the owner of the land upon which the timber is growing may create two distinct estates, one in the land and the other in the timber (54 CJS 686, Logs and Logging, § 10), in order to create rights in the freehold there must be such a conveyance of a right therein as will comply with § 2-909 OCLA, referred to as the Statute of Frauds, and which reads as follows:

"In the following cases the agreement is void

unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, * * *; evidence, therefore, of the agreement shall not be received other than the writing, * * *.

"* * * * *

"(6) An agreement * * * for the sale of real property * * *."

This court has said in *Hertel v. Woodard,* 183 Or 99, 102, 191 P2d 400:

"* * * our statute of frauds doubly condemns agreements which do not comply with its exactions. It terms them void and says that evidence 'of the agreement shall not be received' except the writing itself."

■ While the courts are tolerant toward imperfect descriptions (*Bogard v. Barhan,* 52 Or 121, 96 P 673; *Bitney v. Grim,* 73 Or 257, 144 P 490; *Bloech v. Hyland Homes Co., et al.,* 119 Or 297, 247 P 761), the rule for determining the sufficiency of a description in a writing relating to real property is expressed in *Bogard v. Barhan,* supra, on page 124 as follows:

"* * * Can a surveyor, with a deed or other instrument before him, with or without the aid of extrinsic evidence, locate the land and establish the boundaries?"

and they cannot under our statute permit extrinsic evidence to do more than apply the description as expressed.

We are concerned in this matter with growing timber, a species of real property, and in which an estate distinct from the estate in land may be created. Bearing in mind the above rules as to the sufficiency of a description contained in a writing, and that the writing itself must entirely manifest the intention of

the grantor so that extrinsic evidence may not be used to determine what property was intended to be conveyed by the grantor, it is impossible to determine the location of the growing timber attempted to be described in the instrument in question. This court cannot assume, and the record does not disclose, that Jorie W. Gaines and his wife did not own timber upon other lands contained within the 36 sections in township 10, south of range 1 east and 1 west in Linn County, Oregon. Nor can it be determined what was intended by the description "all merchantable timber on section back from the road", as it is impossible to say, either from the description contained in the instrument or from the evidence adduced, what road was intended as a landmark of description, whether a public or private thoroughfare traversing in some direction the land purchased by the plaintiffs, or one lying beyond its boundaries. The instrument itself speaks of a road and a cement highway. Are they the same or different?

The description in the instrument relied upon by the defendants Bowlsby is insufficient to convey to them an interest in the real property in controversy. It was, however, sufficient to grant to them a license, during the lifetime of Jorie W. Gaines, to enter into and upon the premises and sever the growing timber thereon.

The defendants have raised other questions relative to the decision of the trial court, but since the description relied upon by the defendants was insufficient to pass any interest to them in the real property of the plaintiffs, and is determinative of their rights therein, we deem it unnecessary to discuss the other assignments of error.

The judgment of the trial court is affirmed.