[No. 33036.    Department Two.    January 25, 1955.]

SKATE CREEK LOGGING COMPANY *et al., Respondents,* v. ROY J.
FLETCHER, *as Auditor of Lewis County, et al.,*
*Appellants.*[1]

[1]Reported in 278 P. (2d) 1009.

*The Attorney General* and *J. D. Thomas, Jr., Assistant,* for appellant state of Washington.

*Harry Ellsworth Foster* and *Hull & Armstrong,* for respondents.

MALLERY, J.—This is an action to enjoin the tax assessment of timber under contracts of sale to respondents, who were plaintiffs below, in its natural state in the Gifford Pinchot National Forest in Lewis county.

The Lewis county assessor made two *ad valorem* assessments here in question. The first assessed the timber at fifty and the second at ten per cent of its value. We confine ourselves herein to the question of the validity of any *ad valorem tax* upon Federal-owned timber subject to the kind of contracts here in question. Possible irregularities in the taxing procedure are beside the point.

The contracts in question covered the dead standing and down merchantable timber in the areas designated and to be designated during the process of cutting, and such live timber as was or would be marked or designated for cutting by the forest officer. The contracts estimated the value of the timber contemplated generally, but made it specifically ascertainable upon the cutting and scaling of the logs. Fixed stumpage rates were then payable out of deposits required of the respondents by the contracts.

Under the contracts, the buyers are supervised by the national forest authorities and must follow the forest practices and logging methods prescribed by them. The contracts provide:

"Title to all timber included in this agreement shall remain in the United States until it has been paid for, *felled and scaled,* measured or counted." (Italics ours.)

Obviously, the beneficial interest in the timber cannot pass to the purchasers before ascertainment of the trees

in question and their segregation from the forest. It is the cutting and scaling of the logs that fixes their price, accrues the payment therefor, and passes the beneficial interest therein to the buyer. Indeed, ascertainment and segregation under the contract cannot occur prior to the *existence* of the merchantable *logs* as such, which are, in fact, the subject matter of the contract. See *Edward Hines Lumber Co. v. Lane County*, 196 Ore. 420, 248 P. (2d) 720, in which the taxpayer had the cut logs in his possession when the assessment was made.

■ ■ The rule governing taxability of government property is that it is immune until a sale thereof is sufficiently completed to pass full beneficial ownership to the purchaser. *United States v. County of Alleghany*, 322 U. S. 174, 88 L. Ed. 1209, 64 S. Ct. 908; *S. R. A., Inc. v. Minnesota*, 327 U. S. 558, 90 L. Ed. 851, 66 S. Ct. 749. Where this condition exists, the retention of legal title for security only does not prevent taxation. *S. R. A., Inc. v. Minnesota, supra.* Governed by this test, the assessment of the timber here in question in its natural state, was invalid.

■ Appellant state of Washington, which was an intervener in the court below, contends that only the United States can assert immunity to taxation on its own behalf. Respondents are not asserting the Federal government's immunity for the purpose of protecting the Federal government against an invalid tax. Their position is simply that they cannot be taxed for property they do not own and in which they have no beneficial interest, because the lien of such a tax is not limited to the timber in question, but covers all of their property under the provisions of RCW 84.60.030 [*cf.* Rem. Supp. 1943, § 11265, part]. The force of this statute makes it immaterial to respondents whether the property wrongfully assessed to them belongs to the Federal government or to private strangers. Indeed, the contracts in question are construed just as if they were between private parties.

■ Appellant contends that the contracts in question are conditional sales, with retention of title for security

only. This ignores the deposit based on the estimate which is required under the contracts, and the fact that title is retained to implement the Federal government's regulations controlling logging methods and forest practices.

█ Appellant contends that respondents have "constructive possession" of the timber. There can be no constructive possession either of logs not in existence or in unsegregated trees in a forest.

Appellant contends that the timber is personalty even though not severed from the land, and is taxed as such. This is irrelevant. The tax is invalid because of the ownership of the property regardless of its nature.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER and ROSELLINI, JJ., concur.

