L. D. WILSON AND JANE WILSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53094.    Filed June 7, 1956.

*William H. Kinsey, Esq.*, for the petitioners.
*John H. Welch, Esq.*, for the respondent.

476

OPINION.

Van Fossan, *Judge:* The issue here involves the proper tax treatment to be accorded petitioners' shares of the partnership profits realized from the cutting of timber by its controlled corporation. That is to say, the question is whether such shares are properly taxable as long-term capital gains, as returned by the petitioners, as short-term capital gains, as determined by respondent, or as ordinary income as now maintained by respondent. Petitioners' position is twofold. In summary, their contention is that the partnership's transaction with the corporation, from which transaction the profits in dispute arose, comes within the scope and intendment of section 117 (k) (2) of the Internal Revenue Code of 1939,[1] as a "disposal" of timber within the meaning thereof. Alternatively, petitioners advance the theory that such transaction constituted the sale of the Vaughan contract to the corporation and that, the Vaughan contract

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(k) GAIN OR LOSS UPON THE CUTTING OF TIMBER.—

* * * * * * *

(2) In the case of the disposal of timber (held for more than six months prior to such disposal) by the owner thereof under any form or type of contract by virtue of which the owner retains an economic interest in such timber, the difference between the amount received for such timber and the adjusted depletion basis thereof shall be considered as though it were a gain or loss, as the case may be, upon the sale of such timber.

being a capital asset in the hands of the partnership, held for more than 6 months, the profit derived from such sale represented long-term capital gain.

Respondent does not question the status of the profits in question as long-term capital gains if section 117 (k) (2), *supra*, is found to be applicable. But, respondent denies such applicability. In this connection, respondent insists that the partnership, as the holder of a contract to cut timber on land located in Oregon, pursuant to which contract it was obligated to cut, remove, and pay for such when and as cut, was not the "owner" thereof within the meaning of the cited statute. And even if this were not true, respondent continues, the partnership's transaction with its controlled corporation, wherein the latter agreed to cut the timber in dispute, paying a specified price therefor upon cutting, does not constitute a "disposal" thereof as contemplated by the statute, but, rather, resulted in the sale of logs, the profit from which represents ordinary income to the partnership. No question is raised regarding the reality of the corporation or of its transaction with the partnership. At this juncture it is to be noted also that respondent has completely abandoned his determination that such profits were short-term capital gains. Finally, respondent, pointing to the case of *Vaughan* v. *Wilson*, 279 P. 2d 521, which case involved the same contract as is now before us, asserts that there was, in fact, no sale or assignment of the Vaughan contract by the partnership.

With respect to this last point, the facts herein would appear to corroborate respondent's view that no actual sale or assignment of the Vaughan contract by the partnership was ever effected. However, we disagree with respondent on both counts regarding the applicability of section 117 (k) (2) to the instant situation.

Since the Vaughan contract involved property located within the State of Oregon, the terms thereof and the property rights of the parties thereto in and to the timber in dispute are governed by the laws of that State. Moreover, under the laws of Oregon, both statutory and case law, it appears that the partnership would be deemed the conditional vendee of the timber with legal title retained in the Vaughans as conditional vendors to secure the performance of certain conditions subsequent, namely, the cutting and removal of the timber within the time specified and payment therefor at a specified rate. That this was the intent of the parties is clearly manifested in the terms of the contract which are consistent throughout with the idea of such a sale. Cf. *Elliott* v. *Bloyd*, 40 Ore. 326, 67 Pac. 202. See, also, Brown, The Law of Personal Property (2d ed.), p. 226. This being true, the partnership is to be deemed the owner in equity, such estate being subject to being defeated by the partnership's failure to perform its contractual obligations. Cf. *Flannigan Estate* v.

*Great Cent. Land Co.,* 45 Ore. 335, 77 Pac. 485; *Anderson* v. *Miami Lumber Co.,* 59 Ore. 149, 116 Pac. 1056; *Petition of Edw. Hines Lumber Co.,* 196 Ore. 420, 248 P. 2d 720; *Hink* v. *Bowlsby,* 199 Ore. 288, 260 P. 2d 1091; *Rayburn* v. *Crawford,* 187 Ore. 386, 211 P. 2d 483. See, also, *S. R. A., Inc.* v. *Minnesota,* 327 U. S. 558; *New Brunswick* v. *United States,* 276 U. S. 547. In substance, the partnership might be said to be in the place of a mortgagor and is to be considered the owner of the property whether such property be thought of as realty or personalty. Cf. *Harden* v. *City of Springfield,* 192 Ore. 676, 236 P. 2d 432; *Barr* v. *Lynch,* 163 Ore. 607, 97 P. 2d 185. See, also, Ore. Comp. L. Ann. secs. 110–104 through 110–109; Brown, *supra,* sec. 72, p. 246; Ore. Comp. L. Ann. secs. 71–119, 71–176, 71–201.

It follows, therefore, that the partnership qualifies as "owner" of the timber in dispute for the purposes of the statute with which we are here concerned. Such conclusion is corroborated by the definition of the term "owner" contained in section 631 (b) of the 1954 Code, the counterpart of section 117 (k) (2), to the effect that such term "means any person who owns an interest in such timber, including a sublessor and a holder of a contract to cut timber."

As for the question of whether the partnership's transaction with the corporation constitutes a "disposal" within the statutory concept, the facts herein disclose that the partnership agreed to sell stumpage to the corporation at a specified price as needed, such arrangement to continue until the happening of a designated contingency or until it was discontinued by mutual consent. The partnership's retention of an economic interest in the timber under this arrangement is evidenced by the fact that it looked to a severance of the timber for a return of its investment. That the contract was not of a permanent type and would terminate automatically upon the happening of a specified event or could be terminated at any time by consent of the parties is not controlling. Albeit the description of the property in the corporate minutes, which is the only written evidence of the contract, might be insufficient to meet the requirements of the Oregon statute of frauds, it seems clear that in view of the Vaughan contract the timber in question would, under Oregon law, be considered personalty. Compare *Reid* v. *Kier,* 175 Ore. 192, 152 P. 2d 417, and *Oregon Lumber Co.,* 20 T. C. 192, with *Hink* v. *Bowlsby, supra.* We believe the statute is satisfied.

It is our conclusion, therefore, that the timber cutting arrangement which the partnership had with the corporation meets the statutory requirement of a "disposal of timber (held for more than 6 months prior to such disposal) by the owner thereof under any form or type of contract by virtue of which the owner retains an economic interest in such timber." This being true, petitioners' distributable shares

of the partnership's profits from such disposal are properly to be taxed as long-term capital gains. Respondent's determination to the contrary is reversed.

In view of the above holding, it becomes unnecessary to consider the collateral issues raised.

*Decision will be entered for the petitioners.*