Rockingham,
No. 4888.

NEWINGTON

*v.*

CAMPANELLA & CARDI CONSTRUCTION CO.

Argued February 8, 1961.

Decided March 20, 1961.

*Boynton, Waldron & Dill (Mr. Dill* orally), for the plaintiff.

*Fisher, Parsons & Moran (Mr. Moran* orally), for the defendant.

*Louis C. Wyman,* Attorney General and *Frederic T. Greenhalge,* Assistant Attorney General (*Mr. Greenhalge* orally), for the State of New Hampshire, *amicus curiae.*

WHEELER, J. The sole issue presented here is whether a private contractor is liable to the town of Newington for a yield tax on timber cut by it during clearing operations on lands owned by the United States.

The defendant contends that under RSA ch. 123, the standing timber was not subject to the general property tax at the time of cutting and consequently there can be no valid assessment of a yield tax as a substitute for a general property tax which could not be levied for lack of jurisdiction.

The defendant further points out that because the Court below has found and ruled the defendant is not liable for a personal property tax assessed on its equipment located on government property it was implicit in such ruling that neither the State nor its subdivisions has the power to assess taxes of any character against these lands or on any personal property located thereon. *Scribner v. Wikstrom,* 93 N. H. 17. See *Franklin v. Coleman Bros.,* 152 F. 2d 527 (1st Cir. 1945).

Since *M'Culloch* v. *Maryland,* 4 Wheat. (U. S.) 316, it is fundamental law that a state has no power to levy taxes on property of the United States or its instrumentalities. But since *James* v. *Dravo Contracting Co.,* 302 U. S. 134 (1937) the decisions in a variety of situations have held that a private person operating under a government contract cannot escape taxation on the "theoretical conceptions" of interference with governmental functions. "And where it merely appears that one operating under a government contract or lease is subjected to a tax with respect to his profits on the same basis as others who are engaged in similar businesses, there is no sufficient ground for holding that the effect upon the Government is other than indirect or remote." *Helvering* v. *Producers Corp.,* 303 U. S. 376, 386, 387.

As this court has previously pointed out, the timber tax on severance of timber is not a property tax, but as the Trial Court correctly ruled, "is a tax on the severance of timber," imposed upon the owner by reason of the severance. *Opinion of the Justices,* 84 N. H. 559, 575; *Opinion of the Justices,* 99 N. H. 532, 534; see *Brock* v. *Farmington,* 98 N. H. 275, 280; *Brown* v. *Rye,* 101 N. H. 92.

The statute (RSA 79:1) contemplated assessing a yield tax against any owner " . . . including a purchaser of public forest timber, having title to lands or standing trees or possession with authority to cut and remove logs or wood from lands or standing trees from which any logs or wood are taken during the tax year."

Under the terms of its contract with the United States, all merchantable timber became the property of the defendant, and it could be found that the timber was cut during the tax year October 1952-October 1953. RSA 79:1, 3.

RSA ch. 123 did not purport to cede jurisdiction over this land. *Cf.* Laws 1955, c. 223. No statute purports to exempt an owner of timber on such land from the yield tax; and until jurisdiction is formally accepted by the United States the territorial jurisdiction of the State continues. 40 U. S. C. A., s. 255. See *Cook* v. *Wilson,* 208 Ark. 459. There was no evidence to warrant a finding that the United States has assumed exclusive jurisdiction of the land in question.

The defendant here was not an instrumentality of the United States but acted entirely as an independent contractor. The yield tax was not levied directly against the United States or its property but against the defendant. *Mississippi River Fuel Corporation* v.

*Fontenot*, 234 F. 2d 898 (5th Cir. 1956); *Detroit* v. *Murray Corporation*, 355 U. S. 489. In *Fontenot* the court upheld a Louisiana gas severance tax levied against a private oil and gas producer taking gas from government property under lease. The court observed that the gas severance tax was directed at all persons who are severers of gas and that if the operator was liable "he cannot draw around himself a cloak of immunity because the United States is lessor, but must, as a part of the consideration for the lease and his obligation under the statute, pay the taxes which the severance tax statutes impose." *Id.*, 902.

In a number of jurisdictions it has been held that a private contractor can be taxed for timber cut on government land under lease or sale. *Cook* v. *Wilson*, 208 Ark. 459; *Hines Lumber Co.* v. *Lane County*, 196 Or. 420.

We conclude that the yield tax was properly levied against the defendant.

*Remanded.*

All concurred.