## SOUTH COAST LUMBER COMPANY *v.*
## STATE TAX COMMISSION

Denton G. Burdick, Jr., Portland, and Hutchinson, Schwab and Burdick, Portland, submitted a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, submitted briefs for defendant.

Demurrer sustained July 14, 1964.

Peter M. Gunnar, Judge.

This is a suit to set aside defendant's Opinion and Order No. VL 64-9, which affirmed the omitted prop-

erty assessment for the tax year 1961-62 made by the Curry County Sheriff against plaintiff for logs purchased from the United States Forest Service. Plaintiff claims that the logs were tax-exempt. Defendant demurred to plaintiff's complaint and both parties agree that a ruling on this demurrer will decide the case.

In 1960, plaintiff purchased from the United States Forest Service all merchantable timber in two cutting areas situated in the Siskiyou National Forest in Curry County, Oregon. The sale terms were set forth in a standard, voluminous USFS timber sale contract. This contract required plaintiff to maintain on deposit with the Forest Service an amount in excess of the value of timber cut. It provided that the government retained title to all logs until paid for, cut, and scaled. Scaling was to be done away from the sale area. Plaintiff was to fall, buck, and remove all timber sold before April 30, 1962. The United States bore the risk of loss from fire, pests, and similar catastrophes until the logs were removed from the sale area. Upon removal, risk of loss passed to plaintiff. All logs and timber on the sale area at the end of the contract reverted to the government.

In March, 1962, the sheriff made an omitted property assessment against plaintiff for all timber fallen and logs bucked but not removed from the sale area on January 1, 1961. Plaintiff appealed to defendant from this assessment. When defendant dismissed the appeal, plaintiff brought this suit.

Plaintiff claims that the logs and fallen trees so assessed were exempt from state and local ad valorem taxation because they are United States property. It acknowledges that all logs removed from the sale area were taxable under the rule announced in *Edward*

*Hines Lbr. Co. v. Lane County,* 196 Or 420, 248 P2d 720 (1952). It paid its tax on them. But plaintiff contends that the doctrine of that case was not applicable to logs not removed from the sale area.

The *Hines* case held that, when the federal government holds title to severed timber for security purposes only, the state and county may levy ad valorem property taxes against the purchaser of that timber. In so holding, our Supreme Court relied on the United States Supreme Court opinion in *S.R.A. v. Minnesota,* 327 US 558, 66 S Ct 749, 90 L ed 851 (1945). In this latter case, the court said:

> "* * * Ownership of the beneficial interest has passed to the petitioner with legal title retained by the United States for security purposes. This should not put this private property in an exempt class." (327 US 570)

In the *Hines* case, the sale contract provided (196 Or at 422):

> "* * * (1) that the company would make a down payment of 15 cents per thousand feet for the total cut of timber sold under the agreement; (2) that payments of stumpage should be made in advance and that no timber should be cut until paid for; (3) that an additional sum of not less than $15,000 nor more than $25,000 should be paid as stumpage was cut; (4) that timber should be scaled by the government at the mill deck immediately prior to the cutting operations at the mill; (5) that title to the timber should remain in the government until it had been scaled and paid for; and (6) that the company should dispose of slashings, prevent soil erosion, take fire precautions and do other incidental things to conserve natural resources."

At issue was the taxation of "some 10 million feet of logs in the possession of plaintiff, Edward Hines Lumber Co., at its mill in Westfir, Lane County * * *."

This case differs from *Hines* because the subject fallen trees and logs were still in the sale area, the United States bore the risk of their loss and, though plaintiff had paid for them, the contract revested in the government those not removed before the contract terminated. It is these differences which plaintiff claims exempt its logs from state and local taxation.

■■ When the United States holds title to property, it is immune from state and local taxation, unless released from that immunity by Congressional act or by its unrestricted transfer from the United States. The U. S. Supreme Court held that a conveyance of beneficial ownership by the United States with retention of title for security only amounted to an unrestricted transfer. *S.R.A.* v. *Minnesota, supra.* In *Hines,* our Supreme Court held that the government's interest was for security only when paid-for logs were removed from a sale area and all that remained before title passed was to scale them. These two cases delineate the issue in this case. What title the United States held depended on whether its risk of loss and its terminal right of revestiture reserved a beneficial interest to it when title held pending scaling only did not.

■ To have a beneficial interest, one must have an interest of value, worth, advantage, or use. *In re Duffy's Estate,* 228 Iowa 426, 292 NW 165, 128 ALR 943, 947 (1940). *Christiansen* v. *Department of Social Security,* 15 Wash 2d 465, 131 P2d 189, 191 (1942). If the subject logs were destroyed by fire before removal from the sale area, the United States would have incurred a loss. The United States would have gained if plaintiff had failed to remove the logs within its contract term. These provisions reserved to the government more interest than its interest in *Hines* and

*S.R.A. v. Minnesota, supra,* but were they enough to take this case outside the rationale of those cases?

This court does not think so.

■ Federal immunity exists where federal control is deemed essential to federal activities. In *S.R.A. v. Minnesota, supra,* the court said: "* * * it would seem that the sovereignty of the United States would end with the reason for its existence and the disposition of the property." (327 US 564) Plaintiff had paid for the logs and had the immediate and uncontrolled right to remove them from the sale area. It had the entire, effective beneficial interest in the logs. Only plaintiff's convenience kept plaintiff from removing these logs and subjecting them to tax. The government no longer had any substantial reason for enveloping them in its immunity. Its risk of loss of fallen trees and bucked logs was not substantial. Since it had already sold the logs to plaintiff, its risk of loss was a detriment or disadvantage, not an interest of value, worth, advantage, or use. Its right to revest itself of the logs not removed within the contract term was extremely remote, particularly in view of the contract's liberal extension provisions. This right of revesting was somewhat analogous to the right to foreclose for nonpayment in *S.R.A. v. Minnesota, supra,* but not nearly so essential to the government's interest and purpose. It would appear neither good public policy nor sound taxation to encourage loggers to pile up bucked logs in the woods on tax day to avoid taxation. Such result would injure, rather than serve, the interests of the United States in its national forests.

Apparently only one case has considered a similar contract. *Three Farmers, Inc. v. Goeckner,* 86 Ida 290, 385 P2d 649, CCH State Tax Cases ¶ 250-062 (1963). In that case the Idaho court cited and followed the

*Hines* case and ignored the distinctions which plaintiff raises. It was able to do so partly because the Idaho statute permits taxation of property in exempt status when it ceases to be exempt after the assessment date. Furthermore, the court found that "After the logs were severed, the risk of loss under the contract was to fall upon appellant [taxpayer]."

■ In reality, plaintiff's position does not differ substantially from that considered in *Hines* and *Three Farmers, Inc. v. Goeckner, supra.* In both those cases the courts found tax liability under the doctrine of *S.R.A. v. Minnesota, supra.* In this case plaintiff has no less interest in the logs. The government's title is held for security purposes. Its risk of loss lessens the value of the government's interest. The right of revesting is so remote as to be *de minimus.* With the entire effective beneficial interest in plaintiff, the logs at issue are subject to tax under the doctrine of *Hines v. Commission, supra.*

Defendant shall prepare and submit an order sustaining its demurrer. If plaintiff shall not plead over within twenty days after the entry of that order, defendant shall prepare and submit a decree under the rules of this court, dismissing plaintiff's complaint, sustaining defendant's Opinion and Order No. VL 64-9, and allowing defendant its costs herein.