Argued April 5, affirmed June 30, 1965

# SOUTH COAST LUMBER CO. *v.* STATE TAX COMMISSION

403 P. 2d 714

*Denton G. Burdick, Jr.,* Portland, argued the cause for appellant. On the briefs were Hutchinson, Schwab & Burdick, Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an appeal from a decree of the Oregon Tax Court affirming an order of the State Tax Commission which in turn had affirmed an omitted property assessment made by Curry county against plaintiff for logs purchased from the U. S. Forest Service.

Plaintiff contended that the county was precluded from taxing the property in question because (1) the interest retained by the federal government in the property rendered it immune from state taxation and (2) the imposition of the tax discriminated against the federal government.

The tax court held that there was no substantial distinction between the case at bar and *Edward Hines Lbr. Co. v. Lane County,* 196 Or 420, 248 P2d 720 (1952). We agree.

For a more detailed statement of the facts and the tax court's reasoning in holding that federal immunity did not attach see 2 OTC 27 (Dec. 1964). We adopt the tax court's opinion.

■ The tax court did not directly answer plaintiff's contention that the imposition of tax resulted in discrimination against the federal government. The discrimination argument rests upon the assumption that the tax in question can be imposed only under ORS 307.050 which in effect provides that real *and personal* property of the United States held under a contract of sale shall be assessed and taxed as the property of the purchaser. Plaintiff contrasts this section with ORS 307.100 which provides that lands belonging to the state held under a contract of sale are assessed and taxed as the property of the purchaser but there is no provision for the taxation of *personal property* similar to that contained in ORS 307.050. Thus, it is argued, one who holds personal property under a contract of purchase from the United States government is subject to taxation, whereas one who holds personal property under a contract of purchase from the state is not. The answer is that the tax upon the personal property in the present case, as well as in the *Edward Hines* case, is imposed under ORS 308.105, which provides in part that "personal property may be assessed in the name of the owner or any person having possession or control thereof." ORS 308.105 applies to property being purchased either from the state or federal government if the property is in the possession or under the control of the purchaser. Therefore, a tax imposed under this statute does not discriminate against the federal government.

In the *Edward Hines* case the taxpayer had *pos-*

*session* of the logs; in the present case if the taxpayer did not have possession, it certainly had "control" and thus comes within ORS 308.105.

■ Since ORS 308.105 provides for the taxation of personal property in all cases in which the property is possessed or controlled, the term "held" in ORS 307.050 must have been intended to describe merely the interest of a contract purchaser who had neither possession nor control of the property being purchased.[1]

The decree of the tax court is affirmed.

---

[1] The word "held" is commonly used to describe the ownership of an interest in property neither possessed nor controlled by the owner. Commissioner of Internal Rev. v. C. A. Sporl & Co., 118 F2d 283 (5th Cir 1941); Ebert v. State of California, 33 Cal2d 502, 202 P2d 1022 (1949).